ERCEG v. UNITED STATES.
No. 12314.

United States Court of Appeals
Ninth Circuit.
Jan. 19, 1950.

Robert A. Parrish, Fairbanks, Alaska, for appellant.

H. G. Morison, Asst. Atty. Gen., Harry O. Arend, U. S. Atty., Everett W. Hepp, Asst. U. S. Atty., Fairbanks, Alaska (Edward H. Hickey, Sp. Asst. to Atty. Gen., Joseph B. McGrath, Atty., Dep. of Justice, Washington, D. C., of counsel), for appellee.

Before HEALY, McALLISTER,[1] and ORR, Circuit Judges.

PER CURIAM.

■ On April 20, 1949, appellant filed suit on a written contract under the terms of which he had rented to the War Department drilling equipment at a specified daily rental of $30. His complaint alleged that the government used the equipment pursuant to the contract from July 17, 1942, to December 1st following and now refuses to pay the rental accrued during that period, namely the sum of $4,020. Judgment was prayed for in that sum. The government interposed a demurrer on the ground that the action was barred by the six-year limitation prescribed by §§ 55-2-1 and 55-2-4 of the Alaska Compiled Laws, Annotated, 1949, relating to actions on sealed instruments.[2] The demurrer was sustained and the complaint dismissed.

■ Appellant relies on the provisions of the Contract Settlement Act of 1944, 41 U.S.C.A. §§ 101–125, permitting the initiation of a suit within 90 days after rejection of a claim by the contracting agency. It is obvious, however, that no termination claim under this Act is pleaded. See 41 U.S.C.A. §§ 103(h) and 103(d). Appellant's pleading discloses that the contract was fully performed, and that the cause of action accrued as of December 1, 1942. The cause appears to be an ordinary suit under the Tucker Act.

Affirmed.

---

1. Sixth Circuit, sitting by special designation.

2. Section 2401(a), Title 28 U.S.C.A., likewise provides a six-year limitation in respect of civil actions against the United States. This limitation governs claims under the Tucker Act.