457 F.2d 1353
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1961 RED CHEVROLET IMPALA SEDAN, SERIAL NO.
11837A177369, and Other Enumerated Personal
Property, Defendant, Dan B. Fussell,
Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
TWO AUTOMOBILES & OTHER PERSONAL PROPERTY, Defendant, Dan B.
Fussell, Jr., Defendant-Appellant.
 Nos. 71-2241, 71-2242.
 United States Court of Appeals,
Fifth Circuit.
 March 27, 1972.
As Amended April 20, 1972.
 
 Edward R. Kirkland, Orlando, Fla., for defendant-appellant.
 John L. Briggs, U. S. Atty., Orlando, Fla., Alan C. Todd, Asst. U. S. Atty., Robert E. Lindsay, Atty., Criminal Div., Appellate Section, U. S. Department of Justice, Washington, D. C., for plaintiff-appellee.
 Before MORGAN and CLARK, Circuit Judges, and RUBIN,* District Judge.
 CLARK, Circuit Judge:
 
 
 1
 This case involves the questions of whether appellant is entitled to the return of property forfeited to the United States pursuant to libels of information filed by the government on January 25, and February 15, 1962, and, if he is so entitled, the legal form in which such return must be sought. The forfeiture involved was entered on December 30, 1963, under Section 7302 of the Internal Revenue Code of 1954, 26 U.S.C.A. Sec. 7302, on grounds that the property had been used in conducting a gambling business without payment of the taxes required by Title 26 U.S.C.A., Sections 4401 and 4411, and without the registration required by Title 26, U.S.C.A., Section 4412. The personal property forfeited was sold by the U.S. Marshal on June 14, 1965.
 
 
 2
 In reliance on the decision of the United States Supreme Court in United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) appellant filed two motions in the original 1962 district court proceedings seeking to set aside the prior forfeiture, dismiss the libels of information, and order the return of all money and personal property, previously forfeited, or its value. The district court denied the motions, holding that appellant had failed to pursue the proper remedy. This appeal followed.
 
 
 3
 In light of its prior decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) the Supreme Court held in Coin and Currency that the privilege against self-incrimination was a complete defense to a forfeiture proceeding based on criminal prosecutions against a gambler for failure to register and pay the related gambling tax. In answer to the government's argument that the Marchetti-Grosso rule should not be retroactively applied to govern seizures taking place before the date of the decisions because of the government's collection of almost $7 million worth of property in reliance on prior Supreme Court decisions,[1] the Court stated:
 
 
 4
 Given the aim of the Marchetti-Grosso rule, it seems clear that the Government must be required to undergo the relatively insignificant inconvenience involved in defending any lawsuits that may be anticipated. Indeed, this conclusion flows a fortiori from those decisions mandating the retroactive application of those new rules which . . . [hold] that the conduct being penalized is constitutionally immune from punishment. No circumstances call more for the invocation of a rule of complete retroactivity.
 
 
 5
 91 S.Ct. at 1046. The government in the instant case does not question that appellant's property was improperly forfeited for his unpunishable conduct. Rather the government argues that he did not pursue the proper remedy for the property's recovery.
 
 
 6
 Appellant's motions were apparently based on Rule 60(b) (4) of the Federal Rules of Civil Procedure, which provides that, on motion made within a reasonable time, the Court may relieve a party from a void final judgment.[2] Reliance on Rule 60(b) is misplaced for two reasons.
 
 
 7
 First, the relief requested is not within the district court's authority to grant under the Rule. In Bishop v. United States, 5th Cir. 1959, 266 F.2d 657, claimant in a condemnation suit was awarded $185,000 for land which he had previously acquired from the government. Following final judgment, the government filed motions pursuant to Rule 60(b) to set aside the award, to rescind the original deeds on the basis of fraudulent procurement, and to require an accounting from claimant for all revenues realized from the property since the date of purchase. The district court granted all relief requested and this Court reversed, holding that the only relief which could be granted under Rule 60(b) was the setting aside of the judgment. Setting the condemnation award aside would have merely left the condemnation suit open and would not have aided the government's cause. Similarly, appellant in the instant case asks for more than merely setting the forfeiture decree aside. He would have the district court go further and order the government to reach into its coffer and return the money and property involved to him. Bishop makes clear that such further affirmative relief can not be sustained under Rule 60(b).
 
 
 8
 Second, in the instant case this forfeiture proceeding has been finalized by sale of the forfeited property and placing the moneys into the general treasury. Appellant's motion thus in essence requests payment out of the public fisc and requires an affirmative act by the sovereign. See Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). Rule 60(b) cannot, and should not, serve as a substitute for the governmental consent to be sued required in such cases. See United States v. Sherwood, 312 U.S. 584, 589-590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941); United States v. Shaw, 309 U.S. 495, 500-501, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940). See also Zegura v. United States, 5th Cir. 1939, 104 F.2d 34.
 
 
 9
 Appellant argues that denying his right to proceed by the motions involved here completely prevents his recovery of the illegally-seized properties. Such a result would admittedly be contrary to the Supreme Court's express pronouncement in Coin and Currency. We, however, envision no such result from our decision here.
 
 
 10
 The government concedes, and we agree, that appellant has a remedy against the government for the return of his property under the Tucker Act, 28 U.S.C.A. Sec. 1346(a) (2). This statute provides that the district court has original jurisdiction, concurrent with the Court of Claims, of:
 
 
 11
 Any . . . civil action or claim against the United States, not exceeding $10,000 in amount,[3] founded either upon the Constitution, or any Act of Congress, or any regulation of any executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort.
 
 
 12
 In a suit for recovery of forfeited property allegedly seized in violation of claimant's due process rights, Judge Bonsal, in a well-reasoned opinion, stated:
 
 
 13
 The language of Sec. 1346(a) (2) would appear to encompass the plaintiff's claim against the United States which is founded on the seizure and forfeiture of her automobile pursuant to 49 U.S.C. Sec. 782, 19 U.S.C. Sec. 1607 and 19 U.S.C. Sec. 1609, and requests an award less than $10,000.00. It is clear that Sec. 1346(a) (2) does confer jurisdiction over claims against the United States, not exceeding $10,000.00, involving the application of a law of Congress. Compagnie General Transatlantique v. United States, 21 F.2d 465 (S.D.N.Y. 1927), aff'd 26 F.2d 195 (2d Cir. 1928). Thus, where taxes, fines, or penalties are unlawfully imposed, an action may be maintained under Sec. 1346(a) (2) to recover the money. United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28, 35 S.Ct. 499, 59 L.Ed. 825 (1915); Compagnie General Transatlantique v. United States, supra.
 
 
 14
 Though defendants argue that a forfeiture is not a fine or penalty which may be recovered in an action under Sec. 1346(a) (2), "A forfeiture is clearly a penalty for a criminal offense." Compton v. United States, 377 F.2d 408, 411 (8th Cir. 1967); One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); and defendants' argument for the proposition that a limitation should be read into the language of Sec. 1346(a) (2) to exclude forfeitures is not persuasive.
 
 
 15
 Jaekel v. United States, S.D.N.Y.1969, 304 F.Supp. 993, 997.
 
 
 16
 Despite this concession, the government maintains that appellant here is barred from recovering this particular property because the applicable limitations period has run. In consenting to be sued, the government may define the conditions under which it will permit suit to be maintained. See, e. g., Honda v. Clark, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967). One of these conditions is, of course, the time within which suit must be instituted. Failure to bring an action within the time specified under the Tucker Act does not merely provide the government with a waivable defense to the action, but deprives the district court of jurisdiction to hear the action at all. See, e. g., Gallion v. United States, 5th Cir. 1968, 389 F.2d 522; Crown Coat Front Company v. United States, 2d Cir. 1965, 363 F.2d 407; Florentine v. Landon, S.D. Cal.1953, 114 F.Supp. 452. The limitations period applicable to actions brought under the Tucker Act is provided by Title 28, U.S.C.A., Section 2401.
 
 
 17
 Every civil action . . . shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability . . . at the time the claim accrues may be commenced within 3 years after the disability ceases.
 
 
 18
 28 U.S.C.A. Sec. 2401 (emphasis added). See also Erceg v. United States, 9th Cir. 1950, 179 F.2d 510, 12 Alaska 569; Neher v. United States, D. Minn.1967, 265 F.Supp. 210.
 
 
 19
 As the emphasized language indicates, whether appellant is beyond the 6-year period depends upon a determination of when his cause of action first accrued. The government contends Coin and Currency holds that the taking of appellant's property was unlawful and void at the time of such taking. The Court there did state that the conduct being penalized by such forfeiture proceedings was constitutionally immune from punishment and that such rule was to be completely retroactive. Under this analysis the government would have made an unconstitutional seizure in 1963, and appellant would have 6 years from that date in which to bring suit. See Steel Improvement & Forge Company v. United States, 1966, 355 F.2d 627, 174 Ct.Cl. 24, Carignan v. United States, D. Mass. 1969, 48 F.R.D. 323. We reject the government's analysis.
 
 
 20
 The period of limitations does not always begin on the date of the wrong. See Cooper v. United States, 7th Cir. 1971, 442 F.2d 908. No cause of action generally accrues until the plaintiff has a right to enforce his cause. Hodge v. Service Machine Company, 6th Cir. 1971, 438 F.2d 347; Mack Trucks, Incorporated v. Bendix-Westinghouse Automotive Air Brake Company, 3d Cir. 1966, 372 F.2d 18; Missouri Pacific Railroad Company v. Austin, 5th Cir. 1961, 292 F.2d 415; Versluis v. Town of Haskell, Oklahoma, 10th Cir. 1946, 154 F.2d 935; Cannon v. United States, 1956, 146 F.Supp. 827, 137 Ct.Cl. 104; Levine v. United States, 1956, 137 F.Supp. 955, 133 Ct.Cl. 774. The right to sue is hollow indeed until the right to succeed accompanies. Patently, appellant in the instant case had no reasonable probability of successfully prosecuting his claim against the government prior to the enunciation of the new Marhetti-Grosso rule on January 29, 1968. We realize that mere ignorance of one's rights will not toll the limitations period. Howard v. Sun Oil Company, 5th Cir. 1969, 404 F.2d 596; New York and Cuba Mail Steamship Company v. United States, 1959, 172 F.Supp. 684, 145 Ct.Cl. 652; Adams v. Albany, S.D.Cal.1948, 80 F.Supp. 876. This is not, however, a case in which a plaintiff is ignorant of his rights, but rather a case of a plaintiff without a right.
 
 
 21
 Moreover, the time at which a cause of action accrues should be interpreted in light of the general purposes of the limitation statute and the practical ends to be served by the limitation of time. Crown Coat Front Company v. United States, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967); Cooper v. United States, supra. Looking to these purposes and practicalities, we see no possibility that due to the passage of long periods of time, appellant will be able to succeed on the basis of a stale or unjust claim. The government seized the property involved here in a manner which no one thought to be unconstitutional at the time of forfeiture and for years afterward. However, it is clear today that the government had no right to do so. The government has lost no defenses or evidence due to the passage of time, which would entitle it to keep the property. The government simply never had, nor could it have, any such evidence or defense. Considering, therefore, the lack of governmental interest in applying the limitations period of the instant case and plaintiff's lack of expectancy of success in the intervening years, we hold that the cause of action accrued as of January 29, 1968, the date of decision in Marchetti and Grosso.
 
 
 22
 The judgment of the district court is affirmed, without prejudice to the rights of appellant to file new proceedings in accordance with this opinion.
 
 
 
 *
 Hon. Alvin B. Rubin, U.S. District Judge, sitting by designation
 
 
 [1]
 See United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953); Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955)
 
 
 [2]
 Fed.R.Civ.P. 60(b) provides in pertinent part as follows:
 Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . The motion shall be made within a reasonable time, . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., Sec. 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.
 
 
 [3]
 Appellant here prays only for $3,108