**UNITED STATES of America, Plaintiff,**

v.

**Joseph M. GRAY, Defendant.**

**Civ. A. No. C82–402A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 30, 1982.

Myles Eastwood, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

Joseph M. Gray, pro se.

ORDER OF COURT

HORACE T. WARD, District Judge.

This matter is currently before the court on defendant's motion to dismiss the government's action for repayment of debt. Defendant, proceeding pro se, bases his motion to dismiss on the doctrine of laches and on the alleged failure of the government to file their action within the six-year period prescribed under the statute of limitations. 28 U.S.C. § 2415(b).

▇ The Federal Rules of Civil Procedure provide that affirmative defenses must be raised in the pleadings. Fed.R. Civ.P. 8(c). Motions to dismiss may include such defenses as a bar by the statute of limitations; however, a complaint is subject to dismissal under Rule 12(b) only when the affirmative defense clearly appears on the face of the complaint. *White v. Padgett*, 475 F.2d 79 (5th Cir.1973). In addition, when matters outside the pleadings are presented to the court on a motion to dismiss, the motion is more properly treated as one for summary judgment. Fed.R. Civ.P. 12(b). Such a motion may only be granted where the court determines that

there is no genuine issue of material fact. Fed.R.Civ.P. 56(c).

In this case, the statute of limitations defense *does not* appear clearly on the face of the complaint. Both parties have introduced materials outside the pleadings on this issue, including an affidavit submitted by the plaintiff which sets forth additional facts and allegations. Under these circumstances, the court is obliged to treat defendant's motion as one for summary judgment.

In their complaint, the government contends that defendant accepted $1,681.33 in educational assistance from the Veterans Administration during the period from November 21, 1975 through March 31, 1976, that defendant withdrew from his educational program at Georgia State University and was subsequently overpaid by the VA. They contend in later pleadings that several attempts were made to contact Mr. Gray regarding the amount owed, including a futile "three year search ... for defendant's whereabouts."

Defendant Gray was contacted by the U.S. Attorney's office in late December or early January of 1982, at which time he requested evidence of his alleged indebtedness. Defendant claims he has not received such proof, although plaintiff states that Mr. Gray was provided with "pertinent VA documents." (See Plaintiff's Response to Motion to Dismiss.) Since defendant failed to respond to the government's repeated requests to repay the alleged debt, this action was initiated against him on March 1, 1982 (one day prior to the date which the plaintiff thought to be the expiration of the limitations period).

The central issue before the court is whether the statute of limitations has run on this action, and the matter is not easily resolved. Under 28 U.S.C. § 2415(b) "an action to recover for diversion of money paid under a grant program ... may be brought within six years after the right of action accrues." The point at which a right of action accrues varies with the circumstances of a given case.

In this case, plaintiff originally understood that the "limiting date" was March 2, 1976 (based on partial records received from the VA). It was only in the course of attempting to secure information for the defendant regarding the alleged debt, that plaintiff received the full set of records from the VA and realized that the VA had been notified of defendant's withdrawal from Georgia State University on February 9, 1976. If it can be said that a cause of action accrued on this date, then the statute of limitations period expired on February 8, 1982.

In some cases, the statute of limitations begins to run on the first day in which an action could have been brought. *U.S. v. First National Bank of Atlanta, Georgia,* 441 F.2d 906 (5th Cir.1971); *Osterneck v. E.T. Barwick Industries, Inc.,* 79 F.R.D. 47 (N.D.Ga.1978). However, the period of limitations does not always begin on the date the wrong is committed, and no cause of action generally accrues until the injured party has a right to enforce his or her cause. *United States v. One 1961 Red Chevrolet Impala Sedan, Serial No. 11837A177369,* 457 F.2d 1353, 1357 (5th Cir.1972).

The limitations period does not run when facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances. 28 U.S.C. § 2416(c). In this case it appears that the U.S. Attorney's office could have obtained the complete file on Mr. Gray in time to realize that the limitations period *could* run from February 9, 1975 instead of March 2, 1975.

The general rule applicable to federal statutes of limitations is that the limitations period begins to run when a claimant discovers or in the exercise of reasonable diligence should have discovered acts constituting the alleged violation. *NLRB v. Don Burgess Construction Corp.,* 596 F.2d 378, *cert. denied,* 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (9th Cir.1979). Under the circumstances set forth by the

parties, it appears to the court that the limitations period was not tolled under 28 U.S.C. § 2416(c).

Under these circumstances, the court finds that there are no remaining issues of material fact, and that the statute of limitations had run on the government's action when it was filed. Accordingly, defendant's motion for summary judgment is GRANTED.