## KENDALL *v*. UNITED STATES.

1. In computing the six years after his claim against the United States first accrues within which it may be filed in the Court of Claims, the period must be included when the claimant was unable to sue in that court by reason of the aid he gave to the rebellion.
2. The petition is bad on demurrer when it appears therefrom that the claimant's right of action against the United States is barred by the lapse of time.

APPEAL from the Court of Claims.

The case is stated in the opinion of the court.

*Mr. Thomas W. Bartley* for the appellant.

*The Solicitor-General* for the United States.

MR. JUSTICE HARLAN delivered the opinion of the court.

The act of March 3, 1863, c. 92, amending that of Feb. 24, 1855, c. 122, establishing the Court of Claims, declares " that every claim against the United States, cognizable by the Court of Claims," — that is, such as the government permits to be asserted against it by suit in that tribunal, — "shall be forever barred, unless the petition, setting forth a statement of the claim, be filed in the court, or transmitted to it under the provisions of this [that] act, within six years after the claim first accrues." After providing that claims which had accrued six years before its passage shall not be barred if the petition be filed in, or transmitted to, the court within three years after its passage, and that the claims of married women, first accrued during marriage, of persons under the age of twenty-one years, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in court or transmitted within three years after the disability has ceased, the act proceeds : " But no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively."

The same act also provides that, in order to authorize a judgment in favor of any citizen of the United States, it shall be set forth in the petition that the claimant, and the original and every prior owner thereof, where the claim has been assigned, has at all times borne true allegiance to the government of the United States, and whether a citizen or not, that he has not in any way voluntarily aided, abetted, or given encouragement to the rebellion against the government, which allegations may be traversed by the government ; and if on the trial such issue shall be decided against the claimant, his petition shall be dismissed.

The appellant's claim arose on or about the last day of December, 1865. His petition was not filed within six years from that date, and not until Nov. 22, 1872. The government demurred, and the petition was dismissed upon the ground that the claim was barred.

Claimant was engaged in the service of the insurgent government, but he insists that in virtue of the amnesty proclamation

of Dec. 25, 1868, his disabilities were removed, and his rights, privileges, and immunities, under the Constitution, restored. His specific contention is, that within the true meaning of the statute his claim was not cognizable by the Court of Claims, and did not accrue, until he was in such position that he could invoke its jurisdiction. That, it is asserted, was impossible before the promulgation of that proclamation.

We said in *McElrath* v. *United States*, 102 U. S. 426, that the government could not be sued except with its consent, and that it may restrict the jurisdiction of the Court of Claims to certain classes of demands. The acts in question do contain restrictions which that court may not disregard. For instance, where it appears in the case that the claim is not one for which, consistently with the statute, a judgment can be given against the United States, it is the duty of the court to raise the question whether it is done by plea or not. To that class may be referred claims which are declared barred if not asserted within the time limited by the statute. What claims are thus barred? The express words of the statute leave no room for contention. *Every* claim — except those specially enumerated — is forever barred unless asserted within six years from the time it first accrued. And that there might be no misapprehension as to the intention of Congress, the statute, after enumerating the cases to which the limitation of six years should not apply, declares that " no other disability than those enumerated shall prevent any claim from being disbarred." The court cannot superadd to those enumerated, a disability arising from the claimant's inability to truthfully take the required oath. It has no more authority to engraft that disability upon the statute than a disability arising from sickness, surprise, or inevitable accident, which might prevent a claimant from suing within the time prescribed. Appellant's claim, if any he has or had, accrued, within the meaning of the statute, when the government came under a legal obligation to pay the amount thereof. In other words, it accrued against the government when, had the transaction recited in the petition occurred with a citizen, it would have accrued against that citizen. That the claimant was, at that time, or any time prior to Dec. 25, 1868, unable by reason of his connection with the rebellion — a circumstance

for which the United States was in no wise responsible — to comply with the terms upon which the government had consented to be sued in the Court of Claims, is his misfortune, and cannot have the effect of enlarging the time fixed by the statute of limitation. His remedy, if the claim be a valid one, is to apply to the legislative department of the government. The courts cannot, in view of the language of the statute, exclude from computation, on the issue of limitation, the time intervening between the accruing of the claim in 1865 and the promulgation of the amnesty proclamation.

*Judgment affirmed.*