UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE (1) DOUGLAS A–26B AIRCRAFT,
Serial No. 28034, FAA Registration No.
N3035 S, and Equipment, Defendant,

Rebel Aviation, Inc., Claimant-Appellant.

No. 81–7324
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 9, 1981.

McDaniel, Chorey & Taylor, Alan L. Dye, Atlanta, Ga., for Rebel Aviation, Inc.

Kenneth C. Etheridge, Asst. U. S. Atty., Savannah, Ga., D. Lowell Jensen, Asst. Atty. Gen., Washington, D. C., for the U. S.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

KRAVITCH, Circuit Judge:

Claimant Rebel Aviation, Inc. has appealed the order of the district court denying its motions for writ of assistance under Rule 70 of the Federal Rules of Civil Procedure and for modification of judgment under Rule 60(b). We agree with the district court that Rule 70 is an inappropriate basis for relief of the type sought by appellant. We further conclude that although appellant could have sought relief via a counterclaim asserted in the original forfeiture action and although an avenue still remains open by way of an independent suit, the relief it seeks is outside the scope of Rule 60(b). Hence, we affirm the dismissal of appellant's Rule 70 and Rule 60(b) motions.

The motions under consideration in this appeal are the latest step in a series of litigation through which the government sought to forfeit, and the appellant to prevent forfeiture of, an aircraft owned by appellant and seized by U. S. Customs officers for violations of the customs laws. Customs seized the aircraft on February 26, 1976 but did not refer the case to the U. S. Attorney until December 15—more than nine months after the seizure. Prior to the government's instituting forfeiture proceedings on January 19, 1977, appellant repeatedly sought return of the aircraft through administrative petitions for remission and, finally, through an action brought in the district court to compel the government to return the aircraft or to institute forfeiture proceedings. On September 6, 1977, the district court found that Customs had delayed unreasonably in instituting forfeiture proceedings thus violating both the requirement of promptness imposed by 19 U.S.C. §§ 1602–1604 and appellant's fifth amendment right to due process of law. On the basis of these findings, the court granted appellant's motion for summary judgment dismissing the government's forfeiture action and ordering Customs to surrender the aircraft.[1]

After the government had surrendered the aircraft in accordance with the district court's order, appellant filed the petition under consideration here. Alleging deterioration of the plane as a result of negligence on the part of the Customs officials in whose custody the aircraft remained from the time of seizure until its return to appellant, appellant filed a post-judgment motion requesting that the district court modify its prior order and direct the government to return the aircraft "in an airworthy condition." Appellant asserts two alternative bases for obtaining the relief it seeks. It relies first on Fed.R.Civ.P. 70, which permits district courts to issue writs of assistance in aid of judgments ordering delivery of possession of property.[2] As the district court noted in its order denying appellant's motion for modification and

---

1. Because of the clear violation of claimant's statutory and due process rights, the district court ordered the government to return the aircraft despite considerable evidence that it had been used to smuggle marijuana into the United States. The district court's order made return of the aircraft conditional, however, on payment by claimant of penalties imposed by Customs totalling $1500 for claimant's failures to manifest cargo, to give notice to Customs of arrival, and to make entry of the aircraft with cargo.

2. Rule 70 provides:

If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person ap-

application for writ of assistance, Rule 70 is designed "to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts," 12 *C. Wright & A. Miller, Federal Practice & Procedure, Civil* § 3021 (1973), and is not an appropriate basis for relief in cases where, as here, the party seeking relief does not allege noncompliance with any order issued by the court.[3]

Second, appellant relies on Fed.R.Civ.P. 60(b)(3) & (6), which provide that a "court may relieve a party ... from a final judgment" on grounds of "fraud, misrepresentation, or other misconduct of an adverse party" or "for any other reason justifying relief from the operation of the judgment." Appellant argues that the repeated assurances made by Customs that it was properly servicing and maintaining the aircraft, together with its refusal to allow appellant to inspect the plane during its custody, constitute misrepresentations that resulted in appellant's failure to request and the district court's failure to order restoration of the

aircraft prior to its return. The gist of appellant's Rule 60(b) claim is that, but for the alleged misrepresentations made by Customs, appellant would have sought, and the district court granted, broader relief. Appellant presented substantial evidence before the district court demonstrating the deterioration of the aircraft during the lengthy period of its custody with the Customs Department and substantiating appellant's allegation. of misrepresentations by Customs officials as to their maintenance of the plane.[4] The district court denied appellant's petition under Rule 60(b), however, stating that on the basis of the facts presented it was unable to conclude that appellant had met its burden of proving fraud by clear and convincing evidence.[5] By focusing on the question of fraud, the district court failed to consider whether the evidence presented by appellant would support a claim of innocent misrepresentation by Customs agents, and if so, whether Rule 60(b) affords relief for such a claim.[6] We need not resolve this issue, however, since

---

pointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the clerk shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within the district, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk.

3. No claim is made that Customs has failed to relinquish custody of the aircraft to appellant.

4. Appellant offered evidence showing that the aircraft requires careful and continuous maintenance, that after the seizure by Customs appellant repeatedly requested access to the aircraft to ensure that it was being properly maintained, that Customs officials refused to allow appellant to inspect the aircraft during its custody with the government, that appellant apprised Customs of the maintenance requirements of the aircraft, that in telephone conver-

sations and written correspondence Customs officials assured appellant that "the aircraft [was] being given proper attention by experienced personnel," and that contrary to these assurances the aircraft "had deteriorated substantially as a result of sitting exposed to the elements for more than a year" and was no longer airworthy at the time custody was relinquished to appellant by Customs.

5. The district court stated that "[a]t present, the Court is far from ready to say that the present facts support a finding of fraud and neglect instead of a dispute over 'ordinary wear and tear' with respect to an admittedly delicate machine." *United States v. One (1) Douglas A–26B Aircraft*, No. CV477–19 at 5 (S.D.Ga. Feb. 2, 1981) (order denying Motion for Modification and Writ of Assistance).

6. Were the term "misrepresentation" as used in Rule 60(b)(3) interpreted to encompass only false statements made with the intention to deceive, the behavior described by that word would be wholly subsumed within the category of behavior that the same subsection of the rule refers to as "fraud." Such a narrow reading of the word would render it superfluous for purposes of Rule 60(b)(3) and would thus conflict with the established principle of statutory construction that all words within a statute are intended to have meaning and should not be

we hold that the nature of the relief appellant seeks is beyond the scope of that affordable under Rule 60(b).

■ By seeking relief under Rule 60(b) appellant maintains that, had it been apprised of Custom's failure to take proper care of the plane, it would have asserted in the forfeiture action, in addition to its defense of undue delay, a counterclaim for damages.[7] Appellant has cited no statutory authorization for allowing damages to be counterclaimed against the government in forfeiture proceedings. Courts are not free to entertain all claims raised by private citizens against the Federal Government, however. Only where Congress has expressly waived the government's immunity or where some other governmental action is held to constitute waiver may a court hear a claim against the government. Moreover, where Congress has waived the government's immunity, it is well established that it may also define and limit the conditions under which suits may be brought. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967), *citing Kendall v. United States*, 107 U.S. 123, 2 S.Ct. 277, 27 L.Ed. 437 (1883); *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353, 1357 (5th Cir. 1972). Thus, where claims against the government are authorized, Congress may designate the forum in which they may be adjudicated, *Minnesota v. United States*, 305 U.S. 382, 388, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939), and provide special procedures for their prosecution. *Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975). *See, e. g.*, Tucker Act, 28 U.S.C. §§ 1402, 1491, 1496, 1497, 1501, 1503; Federal Tort Claims Act, 28 U.S.C. §§ 2671, 2672, 2675, 2677–2679. The federal courts are without power to waive the sovereign immunity of the United States either by affording substantive relief broader than that provided by Congress or by liberalizing statutorily prescribed jurisdictional limitations on such relief.

In deciding appellant's Rule 60(b) motion, we must therefore address three questions: first, whether Congress, through legislation governing suits against the United States, has waived the government's immunity with respect to claims for damage to property sustained while in the custody of the Department of Customs; second, if there has been a waiver of the government's substantive immunity, whether the statutorily prescribed procedures for actions against the government allow a claim of this type to be asserted as a counterclaim in a forfeiture proceeding rather than as an independent action; and finally, if sovereign immunity would have posed no barrier to the relief sought by appellant had it claimed that relief during the original forfeiture proceeding, whether the district court is now authorized to grant that relief under Rule 60(b).

construed as surplusage. *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972). While few cases have addressed the question, at least one decision in the Fifth Circuit has afforded relief for misrepresentation under Rule 60(b)(3) despite the absence of "a deliberate evil purpose to misstate or conceal or thereafter engage in foot-dragging lest the truth might be uncovered." *Bros. Inc. v. Grace Mfg. Co.*, 351 F.2d 208, 211 (5th Cir. 1965).

7. Appellant insists that its claim is not one for damages but rather for a modification of the original order, which simply required that the aircraft be returned, to require that it be returned "in an airworthy condition." Put in more straightforward terms, appellant is asking that the court order the government to repair the alleged damage to the plane. Although there is no doubt that the government's immunity from suit may sometimes turn on the nature of the relief sought, we do not believe that the question of a claimant's ability to raise a counterclaim for repairs in a forfeiture action should depend on whether it characterizes its claim as one for damages or as a request for a repair order. In either instance, the relief sought is essentially the same—reparation for damage to property. More importantly, the impact of either form of relief on the government is the same since either would require it to expend money from the public treasury for the repair of defendant's property; the only difference is whether the money is paid to a third party that provides the repair services or instead to defendant directly with the latter making the repair arrangements.

The authority for most claims that may be brought against the Federal Government is found in two statutes. The Tucker Act, 28 U.S.C. § 1346(a) confers concurrent jurisdiction on federal district courts and the Court of Claims to hear actions against the United States not exceeding $10,000 in amount, including claims founded on the Constitution, federal statutes and regulations, or express or implied contract, and other damage claims not sounding in tort. The Federal Tort Claims Act, 28 U.S.C. § 1346(b) provides district courts with jurisdiction to hear damage claims against the government for injuries to persons or property caused by negligent or wrongful acts of government employees. Either of these statutes at first blush would seem to provide a basis for a claim such as that asserted by appellant; appellant could seek damages for unconstitutional forfeiture or breach of implied bailment under the Tucker Act, *see Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d 672, 677 & n.8 (5th Cir. 1976); but *cf. Hatzlachh Supply Co. v. United States*, 444 U.S. 460, 467–68, 100 S.Ct. 647, 651, 62 L.Ed.2d 614 (Blackmun, J., dissenting); *Walker v. United States*, 438 F.Supp. 251 (S.D.Ga.1977), or for negligent or wrongful conduct by the Customs officials under the Tort Claims Act, *see, e.g., A-Mark, Inc. v. United States Secret Service*, 593 F.2d 849 (9th Cir. 1978). Section 2680(c) of 28 U.S.C. excepts from the Tort Claims Act, however, "[a]ny claim arising in respect of . . . the detention of any goods or merchandise by any officer of customs . . . ." Although we note that the other circuits are in conflict concerning the scope of this exception, *see A-Mark, Inc., supra* (permitting actions where alleged injury resulted from other than mere fact of detention); *Alliance Assurance Co. v. United States*, 252 F.2d 529 (2nd Cir. 1958) (same); *S. Schonfeld Co. v. S.S. Akra Tenaron*, 363 F.Supp. 1220 (D.S.C.1973) (disallowing action), and the Supreme Court has

not yet resolved the question, *see Hatzlachh Supply Co., supra*, 444 U.S. at 462 n.3, 100 S.Ct. at 649, the Fifth Circuit[8] has held that section 2680(c) precludes recovery under the Tort Claims Act for damage to property occurring while in the custody of Customs officials. *United States v. One (1) Wood, 19 Foot Custom Boat, FL 8443AY*, 501 F.2d 1327, 1330 (5th Cir. 1974) (per curiam). That case acknowledged the availability of a Tucker Act claim under facts similar to those in the case at bar, however. *Id.* Thus, it is clear that the appropriate remedy for the wrong alleged by appellant is a claim under the Tucker Act rather than one based on the Federal Tort Claims Act. Since the Tucker Act provides authority for claims such as that asserted by appellant, we must now consider whether such a claim may be raised as a counterclaim in a forfeiture action or whether Congress intended instead to afford the remedy only by way of an independent suit against the government.

■ It has long been recognized that the immunity of the Federal Government extends to cross-claims and counterclaims as well as to recovery in original suits. *United States v. 597.75 Acres of Land*, 241 F.Supp. 796 (W.D.La.1965); *United States v. Sanitary Dairy Products, Inc.*, 211 F.Supp. 185 (W.D.La.1962). *See also* Fed.R.Civ.P. 13(d) (rules governing counterclaims not to be construed to enlarge rights to assert claims against United States). The Fifth Circuit has recognized waiver of immunity by the government with respect to counterclaims asserted against it both by statutory consent, *e.g., United States v. Springfield*, 276 F.2d 798 (5th Cir. 1960), and by consent implied from the government's institution of suit, *e.g., Frederick v. United States*, 386 F.2d 481 (5th Cir. 1967). In prior cases it has held that "invocation of the Tucker Act's waiver is not conditioned upon the procedural context in which it is sought."

---

**8.** The Eleventh Circuit adopted former Fifth Circuit precedent in the en banc case of *Bonner*

*v. City of Prichard*, 661 F.2d 1206, 1981.

*United States v. Bursey*, 515 F.2d 1228, 1234 (5th Cir. 1975). *See also United States v. Lewis*, 478 F.2d 835 (5th Cir. 1973); *United States v. Springfield, supra.*[9] These cases are controlling on the issue of whether appellant could have filed a counterclaim under the Tucker Act in this action.[10]

▉ Although we find that appellant could have asserted a counterclaim had it been aware of the condition of its aircraft at the time the forfeiture proceedings were litigated, we must deny appellant's Rule 60(b) motion for another reason. Prior Fifth Circuit decisions have held that claims for affirmative relief beyond the reopening of a judgment cannot be adjudicated on a Rule 60(b) motion but must be asserted in a new and independent suit. *United States v. One 1967 Red Chevrolet Impala Sedan*, 457 F.2d 1353 (5th Cir. 1972); *Bishop v. United States*, 266 F.2d 657 (5th Cir. 1959). Appellant here does not seek to set aside the judgment entered in its behalf, which prevented forfeiture of its property to the government. Rather, it seeks to obtain an order compelling the government to restore

the aircraft or an award of damages for injury to its property allegedly sustained while in the government's custody.[11] Under the holding of *One 1967 Red Chevrolet, supra*, the district court is without authority to grant such relief on a motion under Rule 60(b). In *One 1967 Red Chevrolet*, appellant sought relief on a motion under Rule 60(b) from a judgment entered against it in a forfeiture proceeding based on an Internal Revenue Code provision that had subsequently been held unconstitutional by the Supreme Court. The court denied appellant's Rule 60(b) motion on the ground that the relief sought—return of the forfeited property—was "more than merely setting the forfeiture decree aside" and was therefore beyond the remedial authority conferred on the courts by Rule 60(b). *Id.* at 1357. Although *One 1967 Red Chevrolet* adopts a rather narrow reading of Rule 60(b), *cf. J. Moore, Federal Practice* § 60.22 (2d ed. 1979) (party in whose favor judgment was granted should nonetheless be allowed to seek relief under Rule 60(b) since fraud or other misconduct may prevent such party from receiving all relief to which

---

**9.** In *Bursey*, the parents of a man charged with drug possession had posted cash with the court as a deposit toward defendant's bail. After the defendant's conviction was reversed on fourth amendment grounds, the district court had ordered that the money posted by the parents be forfeited as reimbursement of the defendant's appointed counsel. The defendant appealed that order, and his parents, who intervened in the appeal of the disbursement proceeding as the real parties in interest, were allowed to raise a Tucker Act claim for return of the money. In *Lewis*, we allowed two persons, who had brought a *coram nobis* proceeding to exonerate themselves from convictions rendered invalid by subsequent cases, to raise Tucker Act claims in the same action for recovery of fines they had paid under their invalid sentences of conviction. The Fifth Circuit held that the Tucker Act creates jurisdiction over certain types of claims but does not limit the procedural contexts in which such claims can be raised. *Springfield* is most closely analogous to this case. In *Springfield*, the United States had been sued under the Tort Claims Act for an accident involving a defective government-owned truck. The government filed a third-party complaint against the transport company whose employee had been

driving the truck, alleging negligence on the part of the driver and seeking recovery for damages to the truck and indemnity against the claims of the original plaintiffs. The Fifth Circuit allowed the transport company to raise a Tucker Act claim for breach of contract based on the government's refusal to pay for services rendered by the company pending the outcome of the litigation. In considering whether the jurisdiction conferred by the Tucker Act could be invoked by way of a counterclaim, the court stated:

> We think the statute should be interpreted from a practical rather than a technical standpoint. Nothing in the statute itself precludes such an interpretation. And in a situation where no substantive rights are at stake, the only question being whether litigation is going to be disposed of in an expeditious or inexpeditious manner, we think that an interpretation which lends itself to sound judicial administration is justified.

276 F.2d at 804.

**10.** See footnote 8 *supra*.

**11.** See footnote 7 *supra*.

it is entitled), we are not at liberty to disregard prior precedents of the Fifth Circuit. The relief sought by appellant here is without question beyond reopening of the prior judgment and therefore cannot be granted under Rule 60(b).

On the grounds stated above, the district court's decision denying claimant's petition is AFFIRMED.