**Monte Warren GREEN, Plaintiff,**

v.

**UNITED STATES of America, Marina Biscayne, Inc., and Great American Insurance Co., Defendants.**

**No. 84–0494–Civ.**

United States District Court,
S.D. Florida.

April 21, 1987.

Steven Weinger, Kurzban, Kurzban, Weinger and Holtsberg, Miami, Fla., for plaintiff.

Alan K. Marcus, Hayden and Milliken, P.A., Allene D. Nicholson, Mitchell, Harris, Canning & Murray, and Jonathan Able, Mottlau and Abel, Miami, Fla., for Marina Biscayne, Inc. and Great American Ins. Co.

Alan I. Mishael, Asst. U.S. Atty., Miami, Fla., for U.S.

FINAL ORDER OF TRANSFER AS TO
DEFENDANT UNITED STATES
OF AMERICA

ZLOCH, District Judge.

THIS MATTER is before the Court, sua sponte, upon its own Order (DE 176) dismissing the UNITED STATES OF AMERICA as a party Defendant herein, and upon the following motions: (1) the Motion for Protective Order (DE 173) filed herein by the UNITED STATES OF AMERICA; (2) the Alternative Motion to Reopen Judgment (DE 177) filed herein by the Plaintiff; (3) the Agreed Motion to Continue Pretrial Deadlines (DE 186) filed herein by the Plaintiff; (4) the Agreed Motion to Continue Pretrial Deadlines (DE 191) filed herein by the Defendant MARINA BISCAYNE, INC.; (5) the Verified Joint Motion for Continuance of Trial and Pretrial Deadlines (DE 196) filed herein by the Plaintiff; and (6) the Request for Hearing (DE 199) filed herein by the Plaintiff.

█ On February 5, 1986, the Court entered an Order (DE 150) granting the Defendant UNITED STATES' Motion to Dismiss for Lack of Subject Matter Jurisdiction as to Count I of the Amended Complaint, but denying said Motion as to Count II. In so doing, the Court held that an action could be maintained by the Plaintiff in admiralty pursuant to the Suits in Admiralty Act (SAA), 46 U.S.C. §§ 741–750, but could not be maintained pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. Since the Court held that Plaintiff's claims properly lie in admiralty, those same claims cannot be brought under the FTCA. Section 742 (SAA) authorizes a federal district court to entertain admiralty suits against the United States. Section 2680(d) of the FTCA provides as follows:

The provisions of this chapter and section 1346(b) of this title shall not apply to any claim for which a remedy is provided by sections 741–52, 781–90 of Title 46, relating to claims or suits in admiralty against the United States.

Accordingly, the SAA provides the exclusive remedy to Plaintiff as against the UNITED STATES.

In moving for reconsideration of its Motion to Dismiss as to Count II (DE 166), the UNITED STATES argues that Plaintiff's original claims under the SAA are barred by 28 U.S.C. § 2680(c), the "law enforcement" exception to the FTCA. This is one of several exceptions to the waiver of sovereign immunity as embodied in the FTCA. (See 28 U.S.C. § 2680(a)–(n).) Two of these exceptions are relevant to the case herein:

Section 2680. *Exceptions*

The provisions of this chapter [the FTCA] and section 1346(b) of this title [28 U.S.C. § 1356(b) ] shall not apply to—

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved would be abused.

. . . . .

(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.

The Eleventh Circuit Court of Appeals has held that statutory exceptions from liability contained in the FTCA, 28 U.S.C. Section 2680, apply, in principle, to suits brought against the United States under the SAA. *Drake Towing Co., Inc. v. Meisner Marine Construction Co.,* 765 F.2d 1060, 1064 (11th Cir.1985), citing, *Williams v. United States,* 747 F.2d 700 (11th Cir. 1984), affirming and adopting *Williams By and Through Sharpley v. United States,* 581 F.Supp. 847 (S.D.Ga.1983). The court in *Williams* incorporated the discretionary function exemption of the FTCA into the SAA. *Williams* at 852.

Moreover, the Supreme Court has held that the "plain language" of Section 2680(c) shields the United States from liability for any claim arising out of the negligent handling or storage of property detained by customs officials. *Kosak v. United States*, 465 U.S. 848, 858, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984). In a case similar to the instant one, the court held that "*Kosak* made it clear that customs and law enforcement are core governmental activities which should not be disrupted by fear of damage suits." *Peterson and Miller v. United States of America*, Case No. CV284–091 (S.D.Ga.1986), at 9 [Available on WESTLAW, DCT database].

The *Peterson* court went on to conclude: The SIAA (SAA) and the PVA [Public Vessels Act] contain no express exceptions to their waiver of immunity; however, sovereign immunity is waived *only* for those situations where the action might have been brought had a private party been involved. As private parties do not engage in customs or law enforcement activity, vessel seizure, detention and forfeiture, it is difficult to see how the SIAA and the PVA provide plaintiff with a remedy. Since plaintiffs would have no right to recover for unlawful customs or law enforcement activities against a private shipowner, they have no right of action against the United States.

*Peterson*, at 11.

The Court also notes that in addition to *Peterson*, other federal district courts within the Eleventh Circuit have held that SAA claims arising out of law enforcement seizures are barred. *William Schachter & Associates, Inc. v. United States, et al.*, Case No. 83–0630–Civ-Paine (S.D.Fla. December 27, 1985 Order) [Available on WESTLAW, DCT database]; *Angel Rodriguez v. United States*, Case No. 81–1360–Civ-Davis (S.D. Fla. September 5, 1985 Order).

■ In applying the facts of this case to the statutes and cases cited herein, the Court adopts the reasoning of the court in *Peterson* which "holds that the customs or law enforcement exception of Section 2680(c) of the FTCA is incorporated into the SIAA (SAA) and the PVA and that this provision bars plaintiff's claims." *Peterson*, at 13.

■ The Court finds that Plaintiff may have a cause of action against the Defendant UNITED STATES pursuant to 28 U.S.C. § 1491. The Eleventh Circuit has suggested that a claim under the Tucker Act, 28 U.S.C. Section 1346(a)(2) might lie in situations where property allegedly deteriorates while under government control. See *United States v. One (1) Douglas A–26B Aircraft*, 662 F.2d 1372, 1376 (11th Cir.1981). Because Plaintiff's claim is in excess of $10,000.00, this Court lacks concurrent jurisdiction with the Claims Court over any such claim Plaintiff may have against the UNITED STATES. 28 U.S.C. § 1346(a)(2). Moreover, since this Court lacks subject matter jurisdiction as to claims involving the UNITED STATES herein, any and all cross-claims between the UNITED STATES and co-Defendants, MARINA BISCAYNE, INC. and GREAT AMERICAN INSURANCE CO. are also properly within the jurisdiction of the Claims Court.

Therefore, the Court concludes that rather than dismiss the above-styled cause as to the UNITED STATES, with prejudice, it is in the interest of justice to transfer claims involving the UNITED STATES to the United States Claim Court, pursuant to 28 U.S.C. § 1631. The Court being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1. The Court's Order (DE 176) dismissing the UNITED STATES OF AMERICA be and the same is hereby VACATED and of no further force or effect;

2. All claims and cross-claims by and against the UNITED STATES are hereby transferred to the United States Claims Court for final disposition pursuant to 28 U.S.C. Section 1631. It is hereby requested that disposition of said claims be stayed pending this Court's final determination of Plaintiff's remaining claims against MARINE BISCAYNE, INC. and GREAT AMERICAN INSURANCE CO.

IT IS FURTHER ORDERED AND AD-JUDGED:

3. The Motion for Protective Order (DE 173) be and the same is hereby DENIED as MOOT;

4. The Alternative Motion to Reopen Judgment (DE 177) be and the same is hereby DENIED;

5. The Agreed Motion to Continue Pre-trial Deadlines (DE 186) be and the same is hereby GRANTED, Pretrial Conference to be reset by separate Order of this Court;

6. The Agreed Motion to Continue Pre-trial Deadlines (DE 191) be and the same is hereby GRANTED;

7. The Verified Joint Motion for Contin-uance of Trial and Pretrial Deadlines (DE 196) be and the same is hereby GRANTED; and

8. The Request for Hearing (DE 199) be and the same is hereby DENIED.