and the Police and Fire Clinic are not *sui juris* entities).

■ D.C.Code §§ 2–301, –344 (1994) establishes the Armory Board and its powers and functions. Among other functions, the Armory Board is authorized to maintain and operate the stadium, D.C.Code § 2–321, to enter into contracts with the District and federal governments,[1] D.C.Code § 2–324(2), to operate concessions, D.C.Code § 2–324(6), to rent or lease the stadium, D.C.Code § 2–324(8), and to carry public-liability insurance, D.C.Code § 2–324(9). With regards to the stadium, the Armory Board is the manager of the facility. However, a review of the statutory provisions reveals no clear intent by Congress to establish the Armory Board as *sui juris*. The Armory Board is not like the Redevelopment Land Agency which Congress explicitly gave the power to sue and be sued. *See* D.C.Code § 5–803(b) (1981) (giving the Agency the power "to sue and be sued"). As with the Housing Authority in *Braxton,* Congress has not authorized the Armory Board to be sued.

Appellant points to instances where the Armory Board has been captioned in litigation. There are several reported cases arising from actions brought against the Board in which the Board apparently never challenged its amenability to suit or raised § 12–309 defenses. *See, e.g., Stewart v. District of Columbia Armory Bd.,* 274 U.S.App.D.C. 324, 863 F.2d 1013 (1988); *Hecht v. Pro Football, Inc.,* 144 U.S.App.D.C. 56, 444 F.2d 931, *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1971). In *Stewart,* the court stated that "[t]he Armory Board is an *independent government agency established by Congress* and charged with the responsibility of constructing, maintaining and operating RFK Stadium." *Id.* 274 U.S.App.D.C. at 327

n. 7, 863 F.2d at 1013, 1016 n. 7. (Emphasis added.) The Board moved to dismiss the complaint for failure to state a claim, but never claimed that it was not *sui juris* or that compliance with D.C.Code § 12–309 was required.[2]

Notwithstanding appellant's observations, we conclude there is no escape from the statutory requirement that appellant give timely notice of his injury to the Mayor in order to maintain an action. This was not done. We are likewise unpersuaded by the contention that the statute should be interpreted to allow notice to the agency rather than the Mayor to suffice.

*Affirmed.*

**V.P., Appellant,**

v.

**L.S., Appellee.**

**No. 93–FS–1640.**

District of Columbia Court of Appeals.

Argued March 15, 1995.
Decided April 13, 1995.

---

**1.** At first blush, one might suppose that an entity which can enter into contracts with the District government cannot be part of that government. Because the Armory Board has no separate corporate existence, however, such contracts are really agreements between intra-governmental entities.

**2.** In *District of Columbia Armory Bd. v. Volkert,* 131 U.S.App.D.C. 74, 402 F.2d 215 (1968), the Board and its individual members filed a suit against private parties, claiming negligent conduct. They were the only plaintiffs. No party

challenged the apparent assumption that the Board was a proper party plaintiff. The Office of Corporation Counsel represented the Board and instituted the suit in the name of the Board, not of the District. Simmons contends that "[t]he Armory Board cannot claim or disclaim a juridical personality in particular cases to suit its own convenience and to defend just claims...." His argument is not without common sense appeal but, for the reasons we have stated, it cannot alter the result.

Elizabeth Figueroa, for appellant.

Edward Schwab, Asst. Corp. Counsel, with whom Erias Hyman, Acting Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellee.

Before SCHWELB and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

This case presents the novel issue of whether V.P. is entitled to reimbursement for child support paid between a 1982 order recognizing paternity and ordering child support, and a 1993 order vacating the determination of paternity. The trial court determined that V.P. was not entitled to reimbursement because Super. Ct.Civ.R. 60(b) provides the court with no authority to issue such an order. We agree, and therefore, affirm.

In 1982, the Office of the Corporation Counsel, on behalf of L.S., filed a petition for adjudication of paternity and for child support against V.P. The Corporation Counsel initiated the suit because L.S. was on public

assistance at the time. In 1982 HLA testing was not performed in paternity proceedings and no other blood test was performed to determine paternity. V.P. denied he was the father, nonetheless, after a hearing, the court ruled that V.P. was the father and ordered monthly child support in the amount of $100.

In 1990, L.S. filed a motion to increase the amount of child support. V.P. moved for HLA testing. Over objection, HLA testing was ordered in late 1990, and conclusively determined that V.P. was not the father. In 1991, V.P. moved, pursuant to Super.Ct.Civ.R. 60(b), to vacate the order of paternity entered by the trial court in 1982 and to order a refund of child support that had been paid pursuant to that order. From 1982 through 1993, V.P. paid approximately $11,290.15 in child support. The trial court, on November 18, 1993, vacated the order of paternity, but denied the request to refund the monies paid from 1982 to 1993. V.P. appeals that portion of the order denying the refund.[1]

Super.Ct.Civ.R. 60(b) allows for relief from "a final judgment, order, or proceeding." "Rule 60(b) is available, however, only to set aside the prior order or judgment. It cannot be used to impose additional affirmative relief." *United States v. One Hundred Nineteen Thousand Nine Hundred Eighty Dollars*, 680 F.2d 106, 107 (11th Cir.1982); *see also Adduono v. World Hockey Ass'n*, 824 F.2d 617, 620 (8th Cir.1987) (concluding that district court is limited to setting aside its order and cannot impose additional affirmative relief); *United States v. One (1) Douglas A–26B Aircraft*, 662 F.2d 1372, 1377 (11th Cir.1981) (same); *United States v. One 1961 Red Chevrolet Impala Sedan, Serial No. 11837A177369*, 457 F.2d 1353, 1356 (5th Cir. 1972) (same); *Bishop v. United States*, 266 F.2d 657, 659 (5th Cir.1959) (concluding that the only relief under Rule 60(b) is setting aside the judgment; *but see Conerly v. Flower*, 410 F.2d 941 (8th Cir.1969) (allowing affirmative relief of reinstating jury verdict under Rule 60(b) rather than simply relieving

---

1. We note that the order vacating the 1982 finding of paternity and the 1990 order granting the      HLA testing are not challenged in this appeal.

the party from the consent judgment and ordering a new trial).

"Claims for affirmative relief beyond the reopening of a judgment cannot be adjudicated on a Rule 60(b) motion but must be asserted in a new and independent suit." *One (1) Douglas A–26B Aircraft, supra,* 662 F.2d at 1377. Thus, the trial court correctly concluded that it did not have the authority to grant any further relief. Any claim for affirmative relief could be asserted in a new and independent suit. We have, of course, reviewed the trial court's order and expressly note that we have not resolved any other issues except the reach of a remedy pursuant to Rule 60(b).

*Affirmed.*

**Lisa OLIVER, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 92–CF–61.

District of Columbia Court of Appeals.

Argued April 7, 1994.

Decided April 13, 1995.