PRYOR, Senior Judge:
This case presents the novel issue of whether V.P. is entitled to reimbursement for child support paid between a 1982 order recognizing paternity and ordering child support, and a 1993 order vacating the determination of paternity. The trial court determined that V.P. was not entitled to reimbursement because Super. Ct.Civ.R. 60(b) provides the court with no authority to issue such an order. We agree, and therefore, affirm.
In 1982, the Office of the Corporation Counsel, on behalf of L.S., filed a petition for adjudication of paternity and for child support against V.P. The Corporation Counsel initiated the suit because L.S. was on public assistance at the time. In 1982 HLA testing was not performed in paternity proceedings and no other blood test was performed to determine paternity. V.P. denied he was the father, nonetheless, after a hearing, the court ruled that V.P. was the father and ordered monthly child support in the amount of $100.
In 1990, L.S. filed a motion to increase the amount of child support. V.P. moved for HLA testing. Over objection, HLA testing was ordered in late 1990, and conclusively determined that V.P. was not the father. In 1991, V.P. moved, pursuant to Super.Ct.Civ.R. 60(b), to vacate the order of paternity entered by the trial court in 1982 and to order a refund of child support that had been paid pursuant to that order. From 1982 through 1993, V.P. paid approximately $11,290.15 in child support. The trial court, on November 18, 1993, vacated the order of paternity, but denied the request to refund the monies paid from 1982 to 1993. V.P. appeals that portion of the order denying the refund.[1]
Super.Ct.Civ.R. 60(b) allows for relief from “a final judgment, order, or proceeding.” “Rule 60(b) is available, however, only to set aside the prior order or judgment. It cannot be used to impose additional affirmative relief.” United States v. One Hundred Nineteen Thousand Nine Hundred Eighty Dollars, 680 F.2d 106, 107 (11th Cir.1982); see also Adduono v. World Hockey Ass’n, 824 F.2d 617, 620 (8th Cir.1987) (concluding that district court is limited to setting aside its order and cannot impose additional affirmative relief); United States v. One (1) Douglas A-26B Aircraft, 662 F.2d 1372, 1377 (11th Cir.1981) (same); United States v. One 1961 Red Chevrolet Impala Sedan, Serial No. 11837A177369, 457 F.2d 1353, 1356 (5th Cir.1972) (same); Bishop v. United States, 266 F.2d 657, 659 (5th Cir.1959) (concluding that the only relief under Rule 60(b) is setting aside the judgment); hut see Conerly v. Flower, 410 F.2d 941 (8th Cir.1969) (allowing affirmative relief of reinstating jury verdict under Rule 60(b) rather than simply relieving *1159 the party from the consent judgment and ordering a new trial).
“Claims for affirmative relief beyond the reopening of a judgment cannot be adjudicated on a Rule 60(b) motion but must be asserted in a new and independent suit.” One (1) Douglas A-26B Aircraft, supra, 662 F.2d at 1377. Thus, the trial court correctly concluded that it did not have the authority to grant any further relief. Any claim for affirmative relief could be asserted in a new and independent suit. We have, of course, reviewed the trial court’s order and expressly note that we have not resolved any other issues except the reach of a remedy pursuant to Rule 60(b).

Affirmed.

. We note that the order vacating the 1982 finding of paternity and the 1990 order granting the HLA testing are not challenged in this appeal.