In re Willie James **ANDERSON**, Debtor.

Bankruptcy No. 92–00241–RRS–13.

United States Bankruptcy Court, M.D. Alabama.

Feb. 26, 1997.

C. Michael McInnish and Charles N. Parnell, Montgomery, AL, for Debtor.

---

Curtis C. Reding, Montgomery, as Chapter 13 Trustee.

## ORDER ON LETTER/MOTION FOR ACCOUNTING AND ON ORDER TO SHOW CAUSE

RODNEY R. STEELE, Bankruptcy Judge.

At Montgomery, Alabama on February 24, 1997 a hearing was held on a letter/motion for accounting and an order to show cause directed to James R. Barnes regarding a mortgage that has been paid through the debtors Chapter 13 plan but has not been marked satisfied and recorded.

This matter was continued from February 10, 1997 for Mr. Barnes to sign a release. He has failed to do so and has failed to respond or appear. Charles N. Parnell, former attorney of Mr. Barnes, advised the court that although he no longer represents Mr. Barnes he has attempted to contact him regarding this matter on more than one occasion and has supplied a certificate of mortgage satisfaction to Mr. Barnes but has not received a response.[1]

The courts finds that the debtor has satisfied the mortgage in question which is recorded at Real Property 0244 PAGE 0172 et seq., in the Probate Office of Montgomery County, Alabama.

The real property under that mortgage is described as:

Commencing at the Southeast corner of Section 18, Township 16, Range 20, Montgomery County, Alabama, thence North along the section line 6.80 chains to a point on the North side of the right of way of U.S. Highway 80, thence Easterly along the North side of said Highway 2.02 chains to the point of beginning, thence North 15 degrees West 2.18 chains, thence North 70 degrees 30 minutes East 3.50 chains to the West line of the Old Line Creek Road (now known as Ware's Ferry Road), thence South 38 degrees East along the West side of said Old Line Creek Road 4.80 chains to the North side of U.S. Highway 80, thence Westerly along the north side of said highway 5.52 chains to the point of beginning. Said tract containing 1.37 acres and being same identical property conveyed to Mortgagors by deed from Gene M. Handy and wife dated November 16, 1964.

It is therefore **ORDERED** that

1. James R. Barnes is directed to execute, acknowledge, prove and record all such documents necessary for satisfaction of the mortgage to real estate described above thereby permitting the debtor to obtain satisfaction of the mortgage.

2. James R. Barnes has 30 days from the date of this order, or until Friday March 28, 1997, to execute, acknowledge, prove and record all such documents necessary to satisfy the mortgage in the debtor.

3. If James R. Barnes fails to do all acts necessary to satisfy of record the real estate mortgage of the above described real estate in the debtor, then this order shall stand, pursuant to Rule 70 of the Federal Rules of Civil Procedure,[2] incorporated as Rule 7070

---

1. An Order of this court entered on September 29, 1993 pursuant to a compromise and settlement agreement between the debtor and James Barnes provided that:

   [I]f the debtor ... pays James R. Barnes the sum of $12,500.00 before his case is dismissed, and he completes his case and receives his discharge, then in such event, James R. Barnes is ordered to satisfy of record and discharge the real estate mortgage indebtedness that he claims of debtor ...

2. See *United States v. One (1) Douglas A–26B Aircraft*, 662 F.2d 1372 (11th Cir.1981): "Rule 70 is designed to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts ... and is not appropriate where the party seeking relief does not allege noncompliance with any order issued by the court."

In the case at bar the court has issued an order to show cause and the debtor has further requested an accounting and that the mortgage is due to be and should be satisfied due to payment in full under the debtor's Chapter 13 plan, both the motion and order have not been acted upon by the mortgage holder James R. Barnes.

See also *In re Health Science Products, Inc.*, 191 B.R. 915 (Bkrtcy.N.D.Ala.1995): "After property owner refused to honor a contract requiring him to transfer title to a manufacturing plant to the debtor, the bankruptcy court would enter an order requiring the property owner to take action necessary to transfer title to the manufacturing plant to the debtor, and if the property owner did not do so, then the order required

of the Bankruptcy Rules[3], as a judgment satisfying the mortgage of the above described real estate from James R. Barnes in favor of the debtor, Willie James Anderson. This judgment has the effect of conveyance executed in due form of law[4] and is a satisfaction of the mortgage for recordation purposes.

4. The court may provide any penalties as may be necessary and allowed.[5]

those with the power and authority to do so ..." "Further, the court may direct another to perform the act or if the case involves the conveyance of land and the land is in the court's district, the court may enter an order divesting the recalcitrant party of its interest in the land and vesting that interest in another."

3. The court is aware that Rule 7070 of the Bankruptcy Rules is applicable in Adversary Proceedings. The court's authority for its holding in this case is further supported by Rule 70 of the Federal Rules of Civil Procedure and by 11 U.S.C. 105 of the Bankruptcy Code.

4. See Rule 7070 of the Bankruptcy Rules which states, in part:

If real or personal property is within the district, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law.

5. Alabama Code section 35–10–30 (1975) provides for a penalty of $200 for failing to make an entry required by this article for 30 days after the request is made. Also, Rule 70 of the Federal Rules of Civil Procedure and Rule 7070 of the Bankruptcy Rules grant the court authority to find a party in contempt "in proper cases", "direct the act to be done at the cost of the disobedient party ...", and "on application ... the clerk shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment."