### UNITED STATES of America, Plaintiff-Appellee,

v.

### ONE HUNDRED NINETEEN THOUSAND NINE HUNDRED EIGHTY DOLLARS, etc. ($119,980.00), Defendants-Appellants.

**No. 81–5587**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 9, 1982.

Melvyn Kessler, Miami, Fla., for defendants-appellants.

Joseph A. Florio, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, AN-DERSON, Circuit Judge, and HOFFMAN *, District Judge.

GODBOLD, Chief Judge:

The United States filed a forfeiture pursuant to 21 U.S.C.A. § 881(a)(6) against $119,980 seized from Arnold and Morford. Arnold and Morford contested the forfeiture. The government and the two claimants entered into a stipulation of settlement whereby Customs would retain one half of the funds, $59,990, as payment of a penalty and the other half would be returned to claimants. The district court approved the settlement and implemented its terms by entering this order on May 31, 1980:

## ORDER

THIS CAUSE having come on to be heard upon the above Stipulation of Settlement and the Court having been advised in the premises, it is,

ORDERED AND ADJUDGED

1. That the above-styled cause be and same is hereby dismissed with prejudice, each party to bear its own costs.

2. That the Marshal shall release the Defendant Currency to the United States Customs Service for disposition pursuant to the terms and conditions of the Stipulation of Settlement filed in the above-styled cause.

Customs learned that the Internal Revenue Service had issued notices of levy against the defendant currency. March 6, 1981 the United States moved to amend the May 1980 order. The court granted the motion April 27, 1981 by entering this order:

ORDERED AND ADJUDGED

1. The Plaintiff's Motion to Amend Final Order is hereby granted.

2. The Order is amended as follows:

A. The United States Customs Service shall retain the sum of $59,990.00 as payment of a penalty.

B. In recognition of Notices of Levy issued by the Internal Revenue Service, the Customs Service shall turn over to the IRS the sum of $59,990.00.

C. Nothing herein shall be construed to prejudice the claimants' right to contest said Notices of Levy before the Internal Revenue Service.

Customs thereupon released to IRS the $59,990 that by the agreed settlement and the direction of the court's order was to be released to the claimants.

█ The order of May 31, 1980 was a final order. It made a final determination of the rights of the parties and dismissed the cause. *See Southern Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 711 (5th Cir. 1979); F.R.Civ.P. 54(a). A motion to alter or amend a judgment must be filed not later than ten days after entry, F.R.C.P. 59(e), and the period may not be enlarged by the court. F.R.C.P. 6. Therefore the district court had no authority to amend its final order eleven months after it was entered.

█ Under Rule 60(b) relief may be given from a final order or judgment within one year for mistake, new evidence, fraud, voidness, satisfaction, or other reasons.[1] Rule 60(b) is available, however, only to set aside the prior order or judgment. It cannot be used to impose additional affirmative relief. *U. S. v. One Douglas A–26B Aircraft*, 662 F.2d 1372, 1377 (11th Cir. 1981) (forfeiture case; airplane given to claimant; no power under 60(b) to reopen to give in addition damages for deterioration of the plane); *U. S. v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353, 1356 (5th Cir. 1972) (forfeiture case; money given to U.S.; no power under 60(b) to return money to claimants; court may only set aside forfeiture order and require

---

* Honorable Walter E. Hoffman, U. S. District Judge for the Eastern District of Virginia, sitting by designation.

1. The parties have not briefed, nor need we address, whether relief from the May 31, 1980 order would be justified under 60(b).

claimants to bring new suit). Therefore, the district court in this case had only the authority under 60(b) to set aside its order approving and implementing the settlement and thereby requiring the United States to distribute the money. It could not impose the additional requirement that Customs give the money to IRS.

The amended final order entered April 27, 1981 must be, and it is, VACATED, and the cause REMANDED to the district court for proceedings not inconsistent with this opinion.