Ray ADDUONO, et al., Charles L. Abrahams, (non-party), Appellant,

v.

**WORLD HOCKEY ASSOCIATION, et al., Appellees.**

No. 86–5142.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1987.

Decided July 17, 1987.

David C. Doyle, San Diego, Cal., for appellant.

Richard A. Lockridge, Minneapolis, Minn., for World Hockey Assn.

Gary J. Haugen, Minneapolis, Minn., for National Hockey League.

Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Charles L. Abrahams, an attorney, appeals from an order entered in the United States District Court for the District of Minnesota awarding $5,000 in attorney fees to the World Hockey Association (WHA) and the National Hockey League (NHL) and imposing a $5,000 fine to be paid to the WHA and NHL. For reversal Abrahams argues that the district court lacked jurisdiction to issue such an order under either Fed.R.Civ.P. 60(b), Fed.R.Civ.P. 11, or under the inherent power of the court.[1] We agree and reverse the order of the district court.

The present action arises out of an alleged breach by Abrahams of an agreement settling a dispute between the WHA, the NHL and clients represented by Abrahams. In May 1982 Abrahams filed suit on behalf of 28 plaintiffs (primarily former hockey players) against 84 defendants, including the WHA, the NHL, member teams or owners of the teams, a number of pension and insurance trusts, and other individuals. The complaint alleged, among other things, antitrust violations and sought pension benefits.

After two years of litigation, the case was finally settled in December 1984. On December 14, 1984, a formal settlement agreement was executed by all counsel on behalf of the parties. On the basis of the written settlement agreement, the parties

---

1. Abrahams also argues that: (1) the district court failed to determine when the WHA and NHL received notice of the alleged breach of the settlement agreement, (2) there was no evidence in the record to support the district court's findings, (3) an ambiguous settlement agreement cannot support imposition of punitive sanctions, (4) Abrahams was entitled to notice and jury trial under Fed.R.Crim.P. 42 because of the imposition of the $5,000 fine, and (5) attorney fees under Fed.R.Civ.P. 11 are limited to amounts incurred in resolving the merits of the dispute. Because we determine that the district court lacked jurisdiction to issue the order, we do not consider these points.

entered into a "Stipulation of Dismissal," which was presented to the district court on December 14, 1984. On the basis of the stipulation, the district court ordered all claims and counterclaims dismissed with prejudice. *Adduono v. World Hockey Ass'n,* Civ. No. 3–82–586 (D.Minn. Dec. 4, 1984) (order of dismissal).

The settlement agreement signed by the parties and counsel contained the following provision:

> Each of the undersigned counsel for the plaintiffs hereby represent that they are not presently retained to represent, have not been requested to represent and have not offered to represent, either as counsel, agents or in any other capacity, any other individual, corporation, partnership or other legal entity for the purpose of pursuing any claim of any kind either asserted or unasserted, against the National Hockey League or any of its member clubs, or against the WHA or any of its former member clubs.

The settlement agreement provided, in addition, that the provision concerning payments to be made to the plaintiffs was conditioned upon the representations made in the above provision.

On October 19, 1984, approximately two months before signing the settlement agreement, Abrahams wrote to John Hall LeBlanc, one of his clients who was not involved in the lawsuit. (The NHL and WHA contend that Abrahams wrote the same letter to 155 former hockey players.) In the letter, Abrahams stated that he had discovered claims LeBlanc might have against the WHA and the NHL. Abrahams informed LeBlanc that he would not be able to prosecute the claims because of the settlement agreement, but referred LeBlanc to the law firm of Kolodny, Katlov & Pressman (Kolodny firm). Abrahams enclosed a retainer agreement from the Kolodny firm with the letter. Prior to sending the October 19, 1984, letter, the Kolodny firm had agreed to share legal fees from such actions with Abrahams in return for his assistance as an expert consultant.

On June 5, 1985, the Kolodny firm filed a complaint in the United States District Court for the Southern District of California against the NHL. The complaint allegedly included claims and language identical to those contained in the complaint filed by Abrahams against the WHA and the NHL.

On August 6, 1985, the WHA moved in the District Court for the District of Minnesota, pursuant to Fed.R.Civ.P. 60(b)(6), to reopen the matter and to segregate Abrahams' portion of the attorney fees paid as part of the settlement agreement. The WHA argued that Abrahams had breached the settlement agreement by sending the LeBlanc letter. Abrahams filed a written opposition to the motion and disputed the WHA's right to any relief.

The district court heard arguments on the motion on February 4, 1985. On October 24, 1985, the district court found that Abrahams acted improperly in executing the settlement agreement and made knowing misrepresentations of facts in the settlement agreement. *Adduono v. World Hockey Ass'n,* Civ. No. 3–82–536, slip op. at 4 (D.Minn. Oct. 24, 1985). The district court enjoined Abrahams' law firm from paying him attorney fees which were then due. The court also directed the WHA to submit a memorandum of law setting forth the precise relief it deemed appropriate and the legal basis, justification and authority for such relief. *Id.*

Upon receipt of the above order, the NHL moved, on November 13, 1985, for forfeiture of attorney fees by Abrahams and damages and sanctions under Fed.R. Civ.P. 11. Briefs and affidavits were submitted by the WHA, the NHL and Abrahams, and oral argument was held on December 23, 1985.

On February 4, 1986, the district court, relying on its factual findings in the October 24, 1985, order, held that the court possessed "both inherent authority and authority under Rule 11 to assess sanctions, costs and reasonable attorney fees against Mr. Abrahams for his patent violation of his obligations as an attorney to conduct himself honestly and forthrightly before the court." *Adduono v. World Hockey Ass'n,* 109 F.R.D. 375, 380 (D.Minn.1986). The district court imposed a fine of $5,000,

to be paid in equal proportions to the NHL and the WHA, and awarded $3,000 in attorney fees to the WHA and $2,000 in attorney fees to the NHL. This appeal followed.

Abrahams argues that the district court lacked jurisdiction to impose sanctions and to award attorney fees because the district court had entered final judgment in the underlying case and there was no other basis for an exercise of jurisdiction. The NHL and the WHA respond, however, that the court had jurisdiction from three sources: (1) the inherent authority of the court, (2) Fed.R.Civ.P. 11, and (3) Fed.R.Civ.P. 60(b). We will consider each of these claimed sources of jurisdiction separately.

**Jurisdiction Under Fed. R. Civ. P. 60(b)**

On August 6, 1985, the WHA filed a Fed.R.Civ.P. 60(b)(6) motion requesting an order directing Abrahams' law firm to "segregate out all funds which otherwise would be payable to Abrahams pursuant to the [settlement agreement] and place such funds in an escrow account ... pending further order of the court." The district court granted the WHA's motion on October 24, 1985. Significantly, however, the district court, in its December 1985 order, did not refer to the Fed.R.Civ.P. 60(b)(6) motion, but rather based its decision on the inherent authority of the court and its authority under Fed.R.Civ.P. 11. Thus, it is unclear whether the court's action was pursuant to Fed.R.Civ.P. 60(b)(6). We will treat the order as made pursuant to Fed.R.Civ.P. 60(b)(6), because the proceeding was initiated by such a motion and the district court entered one order in response to that motion.

■ Under Rule 60(b), the district court may grant relief from a final order or judgment for mistake, newly-discovered evidence, fraud, voidness, satisfaction, or other reasons. Rule 60(b) is available, however, only to set aside a prior order or judgment. It cannot be used to impose additional affirmative relief. *United States v. $119,980,* 680 F.2d 106, 107 (11th Cir.1982). In *United States v. $119,980,* the district court had approved a settle-ment between the United States Custom Services and the claimants to the $119,980. The settlement provided that half of the money would be returned to the claimants and the Custom Services would retain the other half. Subsequent to entry of the final order approving the settlement, the district court learned that the Internal Revenue Service (IRS) had issued notices of levy against the defendant currency. In response to the motion of the IRS, the court modified the order and directed that half of the money be given to the IRS rather than to claimants. The Eleventh Circuit held that the district court did not have authority under Fed.R.Civ.P. 60(b) to require that the money be given to the IRS. *Id.* at 108. The appeals court stated that the district court only had the authority to "set aside its order approving and implementing the settlement." *Id.*

■ We reach the same conclusion in the present case. We hold that the district court in the present case did not have the authority under Fed.R.Civ.P. 60(b) to impose sanctions against Abrahams and to award attorney fees to the NHL and the WHA. Assuming without deciding that there was a basis under Fed.R.Civ.P. 60(b) to grant relief, the district court was limited to setting aside its order of dismissal.

**Fed.R.Civ.P. 11 Sanctions**

The district court held that it was authorized under Rule 11 to assess sanctions and reasonable attorney fees. *Adduono v. World Hockey Ass'n,* 109 F.R.D. at 380.

Abrahams argues that the district court may impose sanctions under Rule 11 only when a "pleading, motion or other paper" has been submitted to the court for some improper purpose. He contends that the settlement agreement, which the WHA and the NHL relied on in their motions for sanction, was never presented to the district court nor was the settlement agreement incorporated by reference in any documents submitted to the district court. Consequently, the settlement agreement may not serve as a basis for the imposition of Rule 11 sanctions.

The NHL and the WHA argue that the settlement agreement signed by Abrahams was an "other paper" within Rule 11. In addition they argue that the stipulation of dismissal was based on the settlement agreement and thus the district court could consider the settlement agreement as the basis for a Rule 11 sanction.

Rule 11 provides in part:

Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in his [or her] individual name.... The signature of an attorney ... constitutes a certificate by him [or her] that he [or she] has read the pleading, motion or other paper; that to the best of his [or her] knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.... If a pleading, motion, or other paper is signed in violation of this rule, the court upon motion or upon its own initiative, shall impose upon the person who signed it, ... an appropriate sanction ... including a reasonable attorney's fee.

The language of the current rule, which was amended in 1983, is significantly different from its predecessor. Prior to the 1983 amendment, the only inquiry was the subjective belief of the attorney at the time the pleading was signed. The revised rule changes the standard from a subjective good faith standard to an objective standard. *Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1127 (5th Cir. 1987); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986).

■ The Advisory Committee Notes make clear that Rule 11, as amended, is intended to be vigorously applied by district courts to curb widely acknowledged abuse resulting from the filing of frivolous pleadings and other papers. *Zaldivar v. City of Los Angeles*, 780 F.2d at 829. However, Rule 11 is not a panacea intended to remedy all manner of attorney misconduct occurring before or during the trial of civil cases. *Id.* Fed.R.Civ.P. 11 applies only when an attorney has signed a pleading, motion or other paper.

■ In the present case, Abrahams signed neither a pleading, nor motion nor any other paper which may be the basis of a Rule 11 sanction. The settlement agreement, which was signed by the parties and which was the basis for the stipulation of dismissal, neither was submitted to the court nor reviewed by the court nor incorporated into the court's order of dismissal. Thus, no matter how improper Abrahams' alleged conduct may have been, Rule 11 is an inappropriate vehicle for reviewing and disciplining such conduct.

In essence the NHL and WHA have alleged that Abrahams made a false statement concerning his representation of other hockey players in actions against the NHL and WHA and that Abrahams breached the settlement agreement by his continued "representation" of these players. They also assert that Abrahams' false statement was the type of misconduct which should subject him to discipline by the court under Rule 11. We disagree.

■ Rule 11 proceedings were never intended to resolve disputes between parties as to whether a settlement agreement has been breached, nor are Rule 11 proceedings intended to determine misrepresentation questions where the misrepresentation is not reflected in a pleading, motion or paper filed with the district court. Our holding is a narrow one. We hold only that Rule 11 is not the proper basis for sanctions against an attorney based on alleged misrepresentation in a settlement agreement or a breach of the agreement.

**Inherent Authority of the Court**

The WHA and the NHL argue that the district court's imposition of sanctions against Abrahams was a proper exercise of the district court's inherent authority to enforce settlements and to discipline attorneys practicing before the court. We do not agree.

■ The district court does have jurisdiction under certain circumstances to enforce settlements. However, in this case, the

district court did not incorporate the settlement agreement into its order or retain jurisdiction to enforce the agreement. Thus, the sanctions against Abrahams may not be justified as a means employed by the court to enforce the settlement.

 It is generally recognized that a district court also has the inherent authority to discipline attorneys practicing before it. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Kleiner v. First National Bank*, 751 F.2d 1193 (11th Cir.1985). In *Kleiner v. First National Bank*, the district court imposed a $50,000 fine against an attorney who had advised his client to violate the district court's order not to contact perspective class members. The Eleventh Circuit recognized that " '[t]he inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.' " 751 F.2d at 1209, *citing Flaksa v. Little River Construction Co.*, 389 F.2d 885, 888 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); *see Miranda v. Southern Pacific Transportation Co.*, 710 F.2d 516 (9th Cir. 1983).. *But see Gamble v. Pope & Talbot, Inc.*, 307 F.2d 729 (3d Cir.) (en banc) (federal rules do not authorize monetary sanctions to be imposed against attorneys in civil litigations unless the attorneys are held in contempt under 18 U.S.C. § 401), *cert. denied*, 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123 (1962).

The present case differs from the cases cited above in two significant respects: (1) Abrahams is not charged with violating an order of the district court or other court rules, and (2) Abrahams was not involved in a proceeding before the district court at the time the sanctions were imposed. Abrahams' alleged false statement concerning his representation of other hockey players in actions against the NHL and the WHA was not made to the court, nor is there any indication that the district court was even aware of the terms of the settlement agreement. We thus hold that the imposition of fines against Abrahams and the award of attorney fees was not within the district court's inherent authority to discipline attorneys in proceedings before it.

Our holding should not be read as in any manner condoning Abrahams' alleged improper conduct or as suggesting that appropriate redress, financial or otherwise, is not available through some other form of action.

Accordingly, we reverse the final order of the district court because the district court lacked jurisdiction to enter the order.