Gerald McKENZIE, individually and on behalf of all other persons similarly situated, Plaintiff,

v.

Charles CROTTY, Sheriff, and the Board of County Commissioners of Lawrence County, South Dakota, Defendants.

No. CIV. 89–5095.

United States District Court, D. South Dakota, W.D.

March 16, 1990.

Stephen L. Pevar, American Civil Liberties Union, Denver, Colo., for plaintiff.

James S. Nelson, Gunderson, Palmer, Goodsell & Nelson, Rapid City, S.D., for defendants.

## MEMORANDUM OPINION AND ORDER

BATTEY, District Judge.

■ Pending are defendants' motions for partial summary judgment, summary judgment, and judgment on the pleadings (Docket # 20, # 22, and # 28). In these motions, defendants seek to limit their liability, completely or in part.[1]

Defendants' motion for partial summary judgment is based on SDCL 21–32A–1. That statute states that

[t]o the extent that any public entity, other than the state, participates in a risk sharing pool or purchases liability insurance and to the extent that coverage is afforded thereunder, the public entity shall be deemed to have waived the common law doctrine of sovereign immunity and shall be deemed to have consented to suit in the same manner that any other party may be sued. The waiver contained in this section and §§ 21–32A–2 and 21–32A–3 is subject to the provisions of § 3–22–17.

Defendants' motion for judgment on the pleadings is based on SDCL §§ 3–21–8 and 3–21–9. Those statutes state that

[n]o person, political subdivision or the state is liable for failure to provide a prison, jail or penal or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, programs, facilities or services in a prison or other correctional facility.

No person, political subdivision or the state is liable for any injury resulting from the parole or release of a prisoner or from the terms and conditions of his parole or release or from the revocation of his parole or release, or for any injury caused by or resulting or resulting from: ... (5) services or programs adminis-

---

1. Defendant Crotty is sued in his individual and official capacity. As noted, plaintiff is no longer asking for punitive damages against defendant Crotty. If the possibility of recovering punitive damages was the only reason defendant Crotty was sued individually, the Court requests plaintiff move to dismiss the individual allegations against defendant Crotty. *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

tered by or on behalf of the prison, jail or correctional facility.

Defendants' motion for summary judgment is based on SDCL 3–21–2. That statute states that

[n]o action for the recovery of damages for personal injury, property damage, error or omission or death caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury.

The closest defendants come to providing supporting authority for the above motions is their citation to *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Docket # 23, p. 2. That case held that state statutes of limitation for personal injury apply to section 1983 actions. Defendants cite this case in support of their argument that SDCL 3–21–8 and 3–21–9 bars plaintiff's suit. Defendants' argument in support of this motion does not mention *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 2307, 101 L.Ed.2d 123 (1988), which stated that "a state law that immunizes government conduct otherwise subject to suit under § 1983 is preempted[.]" *Felder* stated that state statutes of limitation for personal injury are not preempted by the federal civil rights statutes because it would be "most unlikely" that their application would discriminate against civil rights plaintiffs or be inconsistent with the remedial purposes of the federal law. It should be obvious that application of SDCL 3–21–8 and 3–21–9 to bar plaintiff's suit would violate both of these principles, contrary to the dictates of *Felder* and cases cited therein.

Defendants are aware of *Felder*. They cite it in support of their argument that plaintiff's suit is barred because he did not notify them of his claim, as required by SDCL 3–21–2. Docket # 29, p. 3. *Felder* directly contradicts defendants' position. Defendants do not discuss the issue of preemption, which is central to all of their motions. Defendants are foiled by *Felder*.

They are also foiled by federal law holding that immunity defenses are not available to local governmental entities and employees sued in their official capacity. *Monell v. Department of Social Serv. of City of N.Y.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Owen v. City of Independence, Mo.*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Brandon; Sanders v. St. Louis Co.*, 724 F.2d 665 (8th Cir.1983).

The Court has considered defendants' motions and hereby

ORDERS that defendants' motions for partial summary judgment, summary judgment, and judgment on the pleadings are denied.

■ Although plaintiff has not moved for sanctions, the Court has inherent power to impose sanctions for abusive litigation practices. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Adduono v. World Hockey Ass'n*, 824 F.2d 617 (8th Cir.1987). This power is recognized in Fed.R.Civ.P. 11, which states that "the court, upon motion or upon its own initiative, shall impose" sanctions against a party or his attorney for interposing a motion which is not well grounded in existing law or is interposed for an improper purpose. *Cf.* South Dakota Rules of Professional Conduct DR 3.1. The Court may also sanction defendants' attorney, under 28 U.S.C. § 1927, for unreasonably and vexatiously multiplying the proceedings in the case.

■ The Court believes that defendants' motions are frivolous. Defendants' motions and arguments in support clearly and obviously contradict black-letter civil rights law. Defendants' memoranda do not discuss this body of law, nor make a good faith argument for its modification or reversal. Such motions merely harass plaintiff and unreasonably and vexatiously multiply the proceedings in this case. It is therefore

ORDERED that by April 6, 1990, plaintiff's attorney shall submit a detailed affidavit itemizing his costs, expenses, and at-

torney's fee for resisting the above motions.

The Court is aware that before sanctions may be imposed on defendants' counsel, he is entitled to due process notice and an opportunity for hearing. *Roadway.* By this order, defendants' counsel is notified that the Court is considering sanctions against him. Request for hearing may be submitted in defendants' response to plaintiff's affidavit of costs, expenses, and attorney's fees.

IT IS FURTHER ORDERED that defendants' motion on punitive damages (Docket # 24) is denied as moot. (Docket # 39, p. 2.)

Plaintiff sues for compensatory damages in his own behalf and for declaratory and injunctive relief on behalf of a class of present and future inmates of the Lawrence County Jail. Defendants moved for denial of class certification. (Docket # 26.) Defendants argue that plaintiff cannot satisfy Fed.R.Civ.P. 23(a)(4): the representative party will fairly and adequately protect the interests of the class.

On the same date defendants filed their motion for denial of certification, plaintiff moved for certification for the purposes of awarding the equitable relief. (Docket # 33.) Plaintiff asks for certification under Rule 23(b)(1) and (b)(2) and that certification relate back to the time of filing the complaint. Relation back is required because plaintiff is no longer an inmate of the Lawrence County Jail.

Although defendants argue strenuously to the contrary, it is not required that the named plaintiff be a representative of the class at the time of certification or that the named plaintiff again may be subjected to the conduct complained of.

 At first reading, the law in this area is confusing because the cases not only discuss class certification but may also include discussions about Article III jurisdiction in the context of standing and mootness. However, the Supreme Court recognizes that when the controversy is moot as to the named plaintiff prior to the time the district court can reasonably rule on a mo-

tion to certify, then the requirement of a "case or controversy" at the time of certification does not apply. In such a case, depending on the circumstances and the danger that the issues would evade review, certification may "relate back" to the filing of the complaint. *United States Parole Comm. v. Geraghty,* 445 U.S. 388, 397–401, 100 S.Ct. 1202, 1209–1211, 63 L.Ed.2d 479 (1980); *Sosna v. Iowa,* 419 U.S. 393, 400–404, 402 n. 11, 95 S.Ct. 553, 557–560, 558 n. 11, 42 L.Ed.2d 532 (1975); *Gerstein v. Pugh,* 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 861 n. 11, 43 L.Ed.2d 54 (1975). The rule that there be a reasonable expectation plaintiff again would be subjected to the same treatment from defendant is relevant on the issue of standing and mootness, but not in the context of a class action. *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982); *Geraghty; Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). As defendants point out, plaintiff was released from jail the day after the complaint was filed. (Docket # 41, p. 2, n. 1.) The Court, therefore, could not reasonably have ruled on the certification issue prior to plaintiff's release. The fact that the parties have waited until now to raise the certification issue does not change the situation.

To resolve the issue of whether or not the named plaintiff satisfies the requirement of 23(a)(4), the Court must consider if " 'the class representatives and [their] counsel will competently and vigorously pursue the lawsuit and the concern that differences exist between the interests of the class representatives and the class.' " *Hervey v. City of Little Rock,* 787 F.2d 1223, 1230 (8th Cir.1986) (citations omitted). Relevant to this inquiry is the fact that plaintiff is suing for compensatory damages in his own behalf and not as a representative of a class. Plaintiff has a personal interest in proving the allegations in the complaint so that he has a chance for an award of damages. This fact, plus the fact that he is represented by experienced and competent counsel, tends to show that Rule 23(a)(4) is satisfied.

The Court has reviewed the certification issue against the rigorous standard out-

lined in *Bishop v. Committee on Professional Ethics*, 686 F.2d 1278 (8th Cir.1982), and concludes that plaintiff proved that this is a proper case for class action certification. The Court specifically finds that the prerequisites of Fed.R.Civ.P. 23(a)(1) through (a)(4) and 23(b)(1) through (b)(2) are satisfied. It is therefore

ORDERED that plaintiff's motion for certification is granted and that certification will relate back to the time the complaint was filed.