**Frank A. LANGELLA, Plaintiff,**

v.

**W. Bryce ANDERSON and Ennis Paint Manufacturing, Inc., Defendants.**

Civ. A. No. 83-2223.

United States District Court,
D. New Jersey.

April 6, 1990.

Elliott Abrutyn and Timothy Saia, Morgan, Melhuish, Monagan, Arvidson, Abrutyn & Lisowski, Livingston, N.J., for plaintiff Frank A. Langella.

Richard S. Goldman and T. Andrew Culbert, Drinker Biddle & Reath, Princeton, N.J., for defendant W. Bryce Anderson.

David C. Pennella, Pennella & Claps, Dover, N.J., for defendant Ennis Paint Mfg., Inc.

## SUPPLEMENTED OPINION

LECHNER, District Judge.

On 18 July 1986, this court issued a one page Order of Dismissal, which was filed on 23 July 1986 and entered on the docket on 24 July 1986 in the matter of *Frank Langella v. W. Bryce Anderson and Ennis Paint Mfg., Inc.*, Civil No. 83–2223 (the "Dismissal Order"). The substantive portion of the Dismissal Order provided as follows:

> It appearing that it has been reported to the Court that the above captioned action has been settled:
>
> It is on this 18th day of July, 1986,
>
> ORDERED that this action is hereby dismissed without costs and without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if the settlement is not consummated.

*Id.* Neither the plaintiff, Frank Langella ("Langella"), nor the defendants, W. Bryce Anderson ("Anderson") and Ennis Paint Manufacturing, Inc. ("Ennis Paint") (the "defendants"), disclosed the terms of the settlement to the court prior to the entry of the Dismissal Order.

In July 1989, Langella filed a motion to enforce the settlement referred to in the Dismissal Order.[1] The motion was subsequently withdrawn.[2] However, Langella filed an identical motion in January 1990, relying on the brief[3] and affidavit[4] submitted in July 1989.[5] Despite the fact that this motion did not come before the court until February 1990, it is clear Langella first sought to enforce the settlement in July 1989, three years after the issuance and entry of the Dismissal Order.

The 1989 and 1990 Notices carry the same docket number as the Dismissal Order; however, the name of the case was changed to *Frank A. Langella v. W. Brice* [sic] *Anderson, Ennis Paint Mfg., Inc. and M.F.I. Inc.* It appears the name of a third defendant, M.F.I. Inc. ("MFI"), has been added to the caption of the case. Nevertheless, it appears MFI has never been served with a summons or a complaint, and MFI has never made an appearance in this case.

The 1989 and 1990 Notices were served on the firm of Goldman & Epstein, which represented Anderson and Ennis Paint in the first action by Langella. Anderson and Ennis Paint have filed opposition to the motion to enforce settlement.[6] Anderson is represented by Richard S. Goldman, Esq., formerly of Goldman & Epstein, and Ennis Paint is represented by the firm of Pennella & Claps, which was not involved in this action prior to the filing of the 1989 Notice.

---

1. *See* Notice of Motion to Enforce Settlement, filed 10 July 1989 (the "1989 Notice").

2. *See* Minutes of Proceedings, filed 25 September 1989.

3. *See* Plaintiff, Frank A. Langella's Brief in Support of Motion to Enforce Settlement, dated 13 June 1989 ("Langella Brief").

4. *See* Affidavit of Frank Langella, filed 10 July 1989 ("Langella Aff.").

5. *See* Notice of Motion to Enforce Settlement, filed 25 January 1990 (the "1990 Notice").

6. Anderson submitted a Brief of Defendant W. Bryce Anderson in Regard to Plaintiff's Motion to Enforce Settlement Agreement ("Anderson Brief"). Exhibit A of the Anderson Brief is a copy of the Dismissal Order. Ennis Paint submitted a Brief of Defendant Ennis Paint Mfg., Inc., in Regard to Plaintiff's Motion to Enforce Settlement Agreement ("Ennis Paint Brief"). Langella has submitted a brief in reply to the opposition of Anderson and Ennis Paint. *See* Response Brief of Plaintiff Frank A. Langella, dated 22 January 1990 ("Langella Reply").

As noted previously, MFI has not appeared in this matter and was not involved in the original dispute between the parties.

At the time the Dismissal Order was entered, subject matter jurisdiction was founded on diversity of citizenship. 28 U.S.C. § 1332(a). The issue presently before the court is whether it has jurisdiction to enforce the settlement referred to in the Dismissal Order. For the reasons that follow, this court does not have jurisdiction to enforce the settlement against the defendants or MFI. Accordingly, motion of Langella to enforce the settlement is denied.

*Facts*

In 1982, Ennis Paint, a Texas corporation, entered into negotiations to purchase the Bayonne Barrel and Drum Company, Inc. ("Bayonne Barrel"), a New Jersey corporation owned by Langella. Anderson was, and is currently, the president and a principal shareholder of Ennis Paint. Anderson is also the president of MFI, the Texas corporation against which Langella seeks to enforce settlement. Langella Aff. ¶¶ 5–6.

Negotiations regarding the sale of Bayonne Barrel appear to have been between Anderson and Langella. On 17 July 1983, Langella filed a complaint in the District of New Jersey alleging that a letter from Anderson on behalf of Ennis Paint, dated 4 May 1982,[7] was a binding agreement for the sale of Bayonne Barrel. The complaint named Ennis Paint and Anderson as defendants. They denied the existence of an agreement to purchase Bayonne Barrel and filed a counter-claim for misrepresentation on a letter, dated 10 May 1982, which they claimed was a binding contract for the purchase of part of Bayonne Barrel.

The litigation proceeded through discovery and on 11 December 1984 then Chief Judge Fisher issued an order denying the motion of the defendants for summary judgment. The case was subsequently reassigned to me and, upon the representation that the case had been settled, was dismissed. There is no record of my involvement with the case prior to the issuance of the Dismissal Order. As previously mentioned, the terms of the settlement agreement that Langella now seeks to enforce were not provided to the court.

The Dismissal Order provided the dismissal was "without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if the settlement is not consummated." Dismissal Order. Jurisdiction was not expressly retained over any portion of the case beyond the sixty day period, which eventually expired without objection by any of the parties.

Three years later, Langella filed the 1989 Notice seeking to enforce a settlement agreement, dated 1 August 1985 (the "Settlement Agreement"). *See* Langella Brief, Exhibit C. This was the first time the terms of the Settlement Agreement were disclosed to the court. The Settlement Agreement was in the form of a letter from Anderson to Langella. *Id.* Both Anderson and Langella signed the Settlement Agreement, but neither indicated he was signing in any capacity other than individually.

The Settlement Agreement appears to place the obligations of the settlement entirely on MFI; it provided as follows:

The basic terms of this agreement will be:

1. All legal actions between us will be dropped.

2. M.F.I. will give you a non-cancellable, five year consulting contract at a rate of $500 per week.

3. You will make proper restitution with your attorneys involved in the above referenced litigation action out of your consulting fees.

4. You will generally be available to consult in barrel manufacturing, materials handling, and any other matters which I might deem appropriate.

5. It is generally understood that your age and travel limitations will be taken into consideration, as well as any demands placed on your time and travel schedule.

---

7. *See* Langella Brief, Exhibit B.

*Id.* Anderson indicated a check was enclosed with the Settlement Agreement, representing the payments for the four Fridays in July. *Id.*

The Settlement Agreement did not mention Bayonne Barrel or Ennis Paint. In fact, it did not refer to Civil No. 83–2223, but only to "our pending legal actions against each other." *Id.* Although prior letters from Anderson to Langella regarding Bayonne Barrel were written on Ennis Paint letterhead, the Settlement Agreement was written on Anderson's personal stationery. *Compare id.,* Exhibits A & B.

Langella submitted an affidavit in support of the present motion, in which he acknowledges receipt of payment from MFI pursuant to the Settlement Agreement for the months of July and August 1985, but denies receiving any other payments through 1985 or 1986. Langella further indicates he received $1,000 in both January and July 1987, but has not received payments since then. Total payments under the Settlement Agreement have amounted to $6,500. Langella Aff., ¶¶ 11–18. As of 28 April 1989, Langella avers $93,500 plus interest remained outstanding under the Settlement Agreement. *Id.,* ¶ 19. None of the defendants has submitted an affidavit in opposition to Langella's motion to enforce the Settlement Agreement.

### Discussion

■ Anderson and Ennis Paint argue this court cannot enforce the Settlement Agreement because jurisdiction over the case expired at the end of the sixty day period left open by the Dismissal Order. They further argue the court cannot enforce the agreement as to MFI because it was not a party to the original action and was never subject to this court's jurisdiction. Finally, Anderson argues he signed the Settlement Agreement as an officer of MFI and/or Ennis Paint, not in his individual capacity; however, Ennis Paint argues it was not a party to the Settlement Agreement.

The jurisdictional issue raised by Langella's motion to enforce the Settlement Agreement has been the subject of inconsistent opinions among the Courts of Appeals. *See generally* Note, *Federal Jurisdiction to Enforce a Settlement Agreement After Vacating a Dismissal Order Under Rule 60(b)(6),* 10 Cardozo L.Rev. 2137, 2150 (1989) ("courts are sharply divided as to whether a district court may enforce a settlement agreement where the agreement was neither approved by the court nor made a part of its dismissal order"). The Third Circuit has not affirmatively ruled on the issue, although it has recognized the split in authority. *Id.* at 2154; *see Fox v. Consolidated Rail Corp.,* 739 F.2d 929, 933 (3d Cir.1984), *cert. denied,* 469 U.S. 1190, 105 S.Ct. 962, 83 L.Ed.2d 968 (1985); *Hobbs & Co. v. American Investors Management,* 576 F.2d 29, 34 (3d Cir.1978). An analysis of existing caselaw demonstrates jurisdiction does not exist to enforce the Settlement Agreement under the facts of this case.

Anderson and Ennis Paint rely on *McCall–Bey v. Franzen,* 777 F.2d 1178 (7th Cir.1985). In the *McCall–Bey* case, a prison inmate who had settled a civil rights action against prison officials brought an action to enforce the settlement and to issue a mandatory injunction admitting the plaintiff to a work-release facility. The district court enforced the settlement agreement and granted the plaintiff's request.

The Seventh Circuit questioned the district court's power to enforce settlement agreements. Judge Posner, writing for the majority in the *McCall–Bey* case, stated:

> [W]e have expressed profound doubts that Rule 41(a)(2) automatically retains jurisdiction in the district court to enforce the terms of any settlement agreement that may have led the plaintiff to request dismissal of his suit, and *we have rejected the suggestion that federal judges have inherent power to enforce settlement agreements arising out of lawsuits that were once before them.*

*Id.* at 1188 (emphasis added). Rule 41(a)(2) of the Federal Rules of Civil Procedure, referred to in the quotation above, authorizes a district court to accept a voluntary dismissal at the plaintiff's request "upon

such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).[8] The rule further indicates such a dismissal is without prejudice, unless otherwise indicated in the order. *Id.*

Continuing with the discussion in *McCall–Bey*, Judge Posner stated:

> [W]e have expressed no doubt of the power of a district judge to dismiss a lawsuit conditionally, retaining jurisdiction to effectuate terms of settlement agreed to by the parties. Nor do we think there is any magic form of words that the judge must intone in order to make the retention of jurisdiction effective. All that is necessary is that it be possible to infer that he did intend to retain jurisdiction—*that he did not dismiss the case outright, thereby relinquishing jurisdiction.*

777 F.2d at 1188 (emphasis added). The court concluded it would not "use so formless a concept as inherent power to give the federal courts an indefinite jurisdiction over disputes in which the federal interest may be nonexistent. If the parties want the district judge to retain jurisdiction they had better persuade him to do so." *Id.* at 1187. However, the appellate court upheld the district court's exercise of jurisdiction because the settlement agreement contained language which was interpreted as an express retention of jurisdiction over the case.[9] *Id.* at 1188–89.

Under the rationale of *McCall–Bey*, a district court does not maintain jurisdiction to enforce a settlement agreement under Rule 41(a)(2) unless the court expressly maintains jurisdiction over some portion of the action.[10] Absent such a retention of jurisdiction, the remedy for breach of a settlement agreement is to sue directly on the agreement. This involves the application of state contract law. Additionally, if the parties are not diverse in citizenship, the enforcement action may be limited to state court. *Id.* at 1185 (citing *Fairfax Countywide Citizens Ass'n v. County of Fairfax,* 571 F.2d 1299, 1303 (4th Cir.), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978)). *Accord Washington Hosp. v. White,* 889 F.2d 1294, 1299–1300 (3d Cir.1989); *Adduono v. World Hockey Ass'n,* 824 F.2d 617, 620 (8th Cir.1987); *Village of Kaktovik v. Watt,* 689 F.2d 222, 231 (D.C.Cir.1982); *Lee v. Hunt,* 631 F.2d 1171, 1173–74 (5th Cir.1980), *cert. denied,* 454 U.S. 834, 102 S.Ct. 133, 70 L.Ed.2d 112 (1981); *cf. McClendon v. United States,* 885 F.2d 627, 632–33 (9th Cir.1989).

This view is contrary to the holding of the Sixth Circuit in *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368 (6th Cir.), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976). In that case, the plaintiff moved in the district court pursuant to Rule 60(b)(6) of the Federal Rules of Civil

---

8. Rule 41(a)(2) states in full:

Except as provided in paragraph (1) of this subdivision, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2). Paragraph one of the rule permits the plaintiff to voluntarily dismiss an action without a court order by (i) filing a notice of dismissal before an adverse party files an answer or summary judgment motion or (ii) filing a stipulation of dismissal signed by all the parties. *Id.* 41(a)(1)(i)–(ii).

9. Specifically, the settlement agreement stated, "the parties retain their rights to petition the Court regarding any breach or violation of this agreement." *McCall–Bey,* 777 F.2d at 1181–82. The dismissal order in that case stated the case was "dismissed pursuant to stipulation of the parties." *Id.* at 1182. The Circuit held "[t]his chain of incorporations supports an argument that the judge explicitly if indirectly retained jurisdiction." *Id.* at 1189.

10. Recently, the Third Circuit stated in dictum: "Although a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute, a stipulated agreement signed by the court does allow a district court to retain jurisdiction." *Washington Hosp. v. White,* 889 F.2d 1294, 1299 (3d Cir.1989) (citing *McCall–Bey,* 777 F.2d at 1188). The Third Circuit thus appears to follow the holding of the *McCall–Bey* decision.

Procedure[11] to vacate an order dismissing the plaintiff's patent infringement suit and to enter an order of specific performance on the settlement agreement under which dismissal was obtained. The district court granted the requested relief and the Sixth Circuit affirmed.

The appellate court noted the repudiating party under the settlement agreement had begun to question its terms "[a]lmost before the ink had dried." *Id.* at 1370. Relying on the strong policy favoring the resolution of litigation by settlement,[12] the *Aro Corp.* court held the near instantaneous repudiation of the settlement agreement constituted a "reason justifying relief from the operation of the judgment" within the terms of Rule 60(b)(6). *Id.* at 1371. The court rejected the argument that the enforcement of the agreement was not within the district court's jurisdiction because "[t]o permit the absence of diversity to divest the court of jurisdiction after settlement, when it could not have done so prior to settlement, would be to exalt form over substance and to render settlement in such cases a trap for the unwary." *Id. Cf. Joy Mfg. Co. v. National Mine Serv. Co.*, 810 F.2d 1127, 1128 (Fed.Cir.1987) (recognizing split in circuits and declining to decide issue).

The Sixth Circuit interpreted a settlement agreement as more than merely a contract; it is "an outgrowth" of the case which does not require an independent basis of jurisdiction to enforce. *Aro Corp.*, 531 F.2d at 1371. The court also upheld the summary enforcement of the settlement agreement without a hearing because the agreement was unambiguous and presented no factual issues. *Id.*

The Seventh Circuit addressed the reasoning of the *Aro Corp.* court but rejected it, arguing the Sixth Circuit had "confused the power of a district court judge under Rule 60(b)(6) to restore a previously dismissed case to his docket, which he undoubtedly has, with his power to adjudicate a breach of contract, which he may not have—and certainly does not have by virtue of Rule 60(b)." *McCall–Bey*, 777 F.2d at 1186. The Seventh Circuit recognized the power of a district court to vacate its prior order of dismissal under Rule 41(a)(2), but rejected the notion that it translated into the power to order specific performance of a collateral agreement. *Id.; see also Adduono*, 824 F.2d at 620; *Fairfax Countywide Citizens*, 571 F.2d at 1303.

There is a considerable difference between vacating a prior order of dismissal, thereby restoring a case to the active docket of the court, and ordering affirmative relief on an agreement which was not part of the dismissal order. *Adduono*, 824 F.2d at 620. In the former situation, the case is reopened and the parties are placed in the same position as before the dismissal order

---

11. The rule states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b)(6).

12. It is beyond question that settlement of disputes out of court is a favored means of dispute resolution. *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 80 (3d Cir.1982); *Patty v. General Accident Fire & Life Assur. Corp.*, 365 F.2d 419, 421 (3d Cir.1966). It is also settled that a court has inherent power to enforce settlement agreements without an independent basis of subject matter jurisdiction where the agreement is incorporated in the order of dismissal or the court retains jurisdiction over some portion of the action. *See Washington Hosp.*, 889 F.2d at 1299 (district court retained jurisdiction to enforce settlement where stipulated settlement agreement provided for same); *Saber v. FinanceAmerica Credit Corp.*, 843 F.2d 697, 700 n. 5 (3d Cir.1988) ("Settlement agreements may be enforced by means of a motion filed with the underlying cause of action and need not be asserted in the form of a complaint and answer"); *Fox*, 739 F.2d at 932 ("a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein"); *Kelly v. Greer*, 365 F.2d 669, 671 (3d Cir.1966) (district court has "power to summarily enforce settlement agreements entered into with its approval"), *cert. denied*, 385 U.S. 1035, 87 S.Ct. 772, 17 L.Ed.2d 682 (1967). These cases all involved situations in which the district court retained jurisdiction over the settlement or some portion of the dispute. The issue in this case, however, is whether the court may enforce a settlement agreement following a dismissal in which the court did not retain jurisdiction over any part of the case.

was entered. *Fairfax Countywide Citizens*, 571 F.2d at 1303.

The Seventh Circuit's explanation of the danger inherent in the latter situation bears repeating in full:

Suppose the parties to a diversity suit move for dismissal under Rule 41(a)(2) on the representation that they have settled the suit, but without disclosure to the court of the terms of the settlement. The judge grants the motion, believing that he is definitively, finally, and unconditionally terminating the suit. The settlement agreement requires the defendant to pay for the plaintiff's college education. Ten years later the plaintiff petitions the court to order the defendant to pay him $500, which he alleges is the unpaid balance of his college tuition. Under the view of the Sixth Circuit, even though an original suit based on such an allegation would not be within the jurisdiction of the federal district court because the requirement of 28 U.S.C. § 1332 that the stakes exceed $10,000 could not be satisfied, the court would have jurisdiction of the plaintiff's claim.... If 20 years from now the plaintiff complains that the defendants have violated the term of the settlement agreement, the judge would, in the plaintiff's view, have jurisdiction to entertain the complaint—and this regardless of whether the district judge intended to retain jurisdiction.

*McCall–Bey*, 777 F.2d at 1187.

A review of the facts in this case reveals it is similar to the situation described by the Seventh Circuit. At the time the Dismissal Order was issued, this court was not aware of the terms of the Settlement Agreement, especially the five-year term of payments to the plaintiff by MFI, a corporation which was not a party to the action. The sixty day period for enforcement of the settlement passed without objection and the case was closed. Three years later, Langella brought this motion to enforce the Settlement Agreement claiming Anderson and Ennis Paint are liable, along with MFI, for $93,500 in outstanding payments under the Settlement Agreement.

The amount in controversy requirement of 28 U.S.C. § 1332(a)[13] has been met because of the three year lapse between the date of the first default of the settlement payments and the date of filing of this motion. Had Langella sought enforcement of the Settlement Agreement in September of 1986, at the time of the first default in payments, the amount in controversy requirement would not have been met by virtue of the amount sought to be enforced.

■ More problematic, MFI is the only entity which appears to have any obligations under the terms of the Settlement Agreement; yet, MFI is not—and never has been—a party to this suit. Although it appears diversity of citizenship has been maintained between Langella and the defendants, the record does not indicate whether there is diversity between Langella and MFI. In addition, both Anderson and Ennis Paint claim they were not obligated by the terms of the Settlement Agreement.[14] Therefore, the enforcement of the Settlement Agreement raises a considerable number of factual and legal questions which cannot be answered by the summary enforcement of the Dismissal Order.

■ The questions of who is bound by the Settlement Agreement and whether MFI is subject to personal jurisdiction in this forum must be answered by reference to state law. *See McCall–Bey*, 777 F.2d at 1186 (interpretation of settlement contract usually a question of state law); *Fairfax Countywide Citizens*, 571 F.2d at 1303 (en-

---

13. Section 1332(a)(1) provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States.

*Id.*

14. Anderson's argument on this point appears questionable. The Settlement Agreement was drafted on Anderson's personal stationery and signed by him without any indication that he was acting on behalf of Ennis Paint. The fact that he is and was a party to this action suggests the Settlement Agreement inured to his personal benefit as well as the benefit of Ennis Paint.

**192**

forcement of settlement agreement a question of state law); *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 79 (3d Cir.1982) ("the settlement agreement is a contract and subject to the rules of contract interpretation"); *see also* Fed.R.Civ.P. 4(e) (district court may exert jurisdiction over person to extent law of state permits). Even if the court had expressly retained jurisdiction over enforcement of the Settlement Agreement, the relief requested by Langella in this motion could not be granted without inquiry into those questions.

While the resolution of disputes by out-of-court settlement is unquestionably a favorable means of ending litigation, a balance must be struck between this policy and the finality of court orders. Federal courts are courts of limited jurisdiction, which do not have the power to entertain disputes beyond the parameters which Congress has defined. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984); *Fairfax Countywide Citizens*, 571 F.2d at 1303. In this case, the court entered a Dismissal Order pursuant to Rule 41(a)(2) and expressly retained jurisdiction over the enforcement of the Settlement Agreement for sixty days. Absent an intention, either express or implied, to retain jurisdiction past this period, the court lost jurisdiction to enforce the terms of the Settlement Agreement.

The Settlement Agreement did not provide a remedy in this, or any other court for breach by either party. Had the Settlement Agreement provided for its enforcement in this court, the retention of jurisdiction would be implicated and Langella might have a claim for relief.[15] *See, e.g., Washington Hosp.*, 889 F.2d at 1299; *McCall–Bey*, 777 F.2d at 1189. However, that was not the case. The plaintiff elected to voluntarily dismiss the case without providing for enforcement of the Settlement Agreement in this court. As such, the Dismissal Order did not incorporate the Settlement Agreement. Therefore, the court lost jurisdiction over the case when the sixty day enforcement period expired and Langella lost the right to enforce the Settlement Agreement without an independent basis of subject matter jurisdiction.

*Conclusion*

For the foregoing reasons, the motion of Langella to enforce the Settlement Agreement is denied.

---

**15.** The parties did not disclose to the court the terms of the Settlement Agreement at the time the Dismissal Order was issued. *Compare* *McCall–Bey*, 777 F.2d at 1189 (judge was kept apprised of settlement negotiations for many months).