**In re Thomas WARE, Debtor.**

**Thomas WARE, Plaintiff,**

v.

**Earl WARE, et al., Defendants.**

**Bankruptcy No. 85–00638.**
**Adv. No. 86–0048.**

United States Bankruptcy Court,
District of Columbia.

Aug. 4, 1990.

Paris A. Artis, for plaintiff.

John L. Ostby, for defendants.

## DECISION RE MOTION FOR RELIEF FROM ORDERS

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Joyce Jane Nelson ("Nelson"), the personal representative of the estate of the now deceased plaintiff Thomas Ware ("the debtor"), seeks relief under F.R.Civ.P. 60(b)(5) to reopen the final orders in this adversary proceeding to obtain instead affirmative relief against Philip N. Barnes ("Barnes") that was not previously sought. Because she does not contest the validity of the orders but only seeks to obtain additional affirmative relief, the motion must be denied.

The debtor filed a Chapter 13 case under the Bankruptcy Code on October 22, 1985. This adversary proceeding brought by the debtor on April 28, 1986, concerned only the sale of the debtor's 15th Street property and the proper distribution of the sale proceeds.

Barnes intervened and obtained recovery from the proceeds to make him whole in accordance with a July 30, 1985 judgment (styled Memorandum Order) of the Superior Court of the District of Columbia. That July 30, 1985 judgment vacated a marshal's execution sale to Barnes of a second property the debtor owned, his Lamont Street property, upon the condition that by August 15, 1985 Barnes was paid his $6,600.00 purchase price and costs. Barnes waived the August 15, 1985 deadline and pressed in this adversary proceeding for payment to make him whole instead. Barnes similarly treated as ineffective a January 28, 1986 order of the Superior Court that vacated the July 30, 1985 judgment.

Nevertheless, despite being made whole, Barnes has recently refused to convey to Nelson the Lamont Street property held in his name under the recorded marshal's deed, asserting that he was mistaken in believing that the January 28, 1986 order of the Superior Court was ineffective. Nelson has not sought in the Superior Court to vacate the order of January 28, 1986, on the grounds that Barnes elected to be made whole here based on the July 30, 1985 judgment vacated by the January 28, 1986 order and that this makes it inequitable to give the January 28, 1986 order continued effect. Rather Nelson seeks amendment of the orders in this adversary proceeding (1) to vacate the marshal's sale and (2) to

require Barnes to convey the Lamont Street property other, asserting that this relief ought to be granted as consistent with Barnes having been made whole.

Nelson does not seek to set aside the orders governing the distribution of the proceeds that were the subject of this adversary proceeding. Rather, she seeks to rely on them as a basis for ordering Barnes to turn over the property. Rule 60(b) may not be used as a basis for granting her such additional affirmative relief. *Adduono v. World Hockey Ass'n*, 824 F.2d 617 (8th Cir.1987); *United States v. $119,-980.00*, 680 F.2d 106 (11th Cir.1982); *United States v. One Douglas A–26B Aircraft*, 662 F.2d 1372, 1377 (11th Cir.1981); *United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353, 1356 (5th Cir.1972); *See McCall–Bey v. Franzen*, 777 F.2d 1178, 1186 (7th Cir.1985). Assuming on the merits that Nelson is entitled to the relief she seeks, and the Court does not decide that question, she will have to seek that relief other than in this adversary proceeding.